WIGGINTON, Judge.
Petitioner in mandamus has appealed from a final judgment rendered after a trial on the merits by which the alternative writ previously issued was quashed and the cause dismissed.
*384 Appellant was admitted to and took the examination for a license to practice dentistry in this state. He failed to receive from appellee Board a general average of 75 on the examination, which grade he was required to attain in order to be entitled to the license he sought. As a result of the refusal by appellee Board to issue appellant the license for which the examination was taken, this suit was instituted. The prayer of appellant’s petition is for a writ of mandamus commanding appellees to issue appellant the license in question notwithstanding the finding by the Board that he had failed to pass the required examination.
Prior to trial a pre-trial conference was held as a consequence of which an order was entered upon stipulation of counsel delineating the issue to be tried in the following words, to wit:
“(a) The only issue to be tried in each of the above entitled causes is whether each petitioner passed the dental examination taken by him in July, 1960, so as to entitle him to a license to practice dentistry in the State of Florida, but, notwithstanding, the State Board of Dental Examiners capriciously and arbitrarily failed to give petitioner passing grades and gave him failing grades.”
From the foregoing it appears that the burden assumed by appellant to establish his right the relief prayed was to prove by a preponderance of the evidence that he actually passed the dental examination taken by him. In addition to this burden it was also incumbent upon petitioner to prove by a preponderance of the evidence that appellees capriciously and arbitrarily failed to give petitioner the grade he earned, but instead gave him a failing grade thereby illegally depriving him of the license to which he is entitled.
After hearing and considering the evidence adduced by-the respective parties the trial judge made certain definitive findings of fact. Among the facts so found were that appellant earned a final average grade of 73.4 on his examination; that he did not pass the examination and is not entitled to a license to practice dentistry in the State of Florida; that the grades given appellant were based upon the professional judgment of well qualified examiners and were not arbitrarily or capriciously given.
By his first two points on appeal appellant contends that the examination procedures used by the Board violated its own regulations as well as the requirements of the statute under which the Board operates, and that the trial court erred in denying appellant the right to prove that the Board asked questions outside of the Dental Practice Act.[1] The foregoing points on appeal call for a consideration of issues outside of the pleadings and foreign to the issues which the parties agreed should form the basis of the trial as reflected by the pre-trial conference order. By his complaint appellant contended that he passed the examination in the manner and form given. He made no complaint as to irregularity of the procedures followed by the Board in giving the examination. Having agreed at the pre-trial conference that the only issue to be tried was whether appellant passed the examination taken by him, and whether the Board capriciously and arbitrarily failed to give him a passing grade but on the contrary gave him a failing grade, appellant precluded himself from injecting into the trial any separate or different issues other than those agreed upon at the pretrial conference. The trial court was therefore correct in refusing to consider at the trial any new issues sought to be raised by appellant, and correctly excluded evidence offered for the purpose of proving issues different from those to which the parties agreed the trial would be confined.[2]
*385 During the preliminary stages of this proceeding in the trial court appellant filed a motion demanding that appellee Board produce for his use at the trial the original prosthetic casts for the setups made by appellant as part of his examination. The court ordered the Board to produce the requested material, together with other material and information demanded by appellant. In response to this motion and order the Board filed a verified response stating that the original casts for the setups are not available hut were destroyed after the examination, which is the ordinary procedure for all applicants. During the trial several members of the Board testified that the material used in the setup was of a wax composition that would deteriorate, warp and dry up over a period of time and that because of this, the individual original casts used by appellant would, due to the gross deterioration of the base plates, be of no value in attempting to prove the excellence of appellant’s workmanship on this phase of the examination.
Appellant contends that the Board’s refusal to produce the original prosthetic casts used by him in his examination so that he could use them as evidence in the trial denied him due process of law. He bases his contention upon the requirements of the statute which provides that “[a]ll examination papers shall be filed with the secretary-treasurer of the board and kept for reference and inspection for a period of not less than two years.” [3] It is appellant’s position that the foregoing provision of the statute should be interpreted to require the Board to retain for a period of not less than two years not only the examination papers specified therein, but also all other materials used by an applicant for the examination, such as the original casts for the setups demanded by him, but which could not be produced because of having been destroyed prior to the time the demand was made. With this contention we cannot agree. Had the Legislature intended to require the Board to retain in its possession all materials used by applicants taking the dental examination, the statute would have so provided. In view of the evidence adduced at the trial as to the composition of the setup and its propensity for deterioration, such requirement would be impracticable and would serve no useful purpose. We fail to perceive where any constitutional rights of the appellant are involved.
We have considered the remaining point on appeal which contends that had appellant’s examination been graded by the same standards as the other applicants he would have passed, but find this to be without substantial merit.[4] The judgment appealed is accordingly affirmed.
STURGIS, C. J., and RAWLS, J., concur.

. F.S. Section 406.14, F.S.A.

. Florida Civil Practice Before Trial, PreTrial Conference, p. 500, § 17.10; p. 511, § 17.24

. F.S. Section 466.14, F.S.A.

. State ex rel. Topp v. Board of Electrical Examiners for Jacksonville Beach, (Fla.App.1958) 101 So.2d 583.