PER CURIAM.
This appeal arises from a divorce action. The appellant-wife here seeks reversal of the Chancellor’s order denying fees for her attorney in conducting post-final hearing and post-final judgment matters involving the enforcement of the final judgment’s property settlement provisions. We reverse with directions.
At final hearing an oral property settlement agreement was dictated into the record. It was duly approved and, upon the granting of the divorce, was to be incorporated into the final judgment. It was to be drafted by husband’s counsel. Husband’s counsel asked to withdraw, but had not drafted the settlement agreement or final judgment. Wife’s counsel moved that the husband, appellee here, be required to do so, but husband’s counsel reappeared, and proposed a modified settlement agreement. The court entered final judgment for the wife, incorporating the original settlement. The husband failed to comply with the settlement agreement, so the wife moved to enforce the judgment.
Upon the authority of §§ 61.15 and 61.16, Fla.Stat., F.S.A. and Simpson v. Simpson, Fla.1953, 63 So.2d 764, we reverse the order denying the wife attorney’s fees and direct the chancellor to award reasonable attorney’s fees for services rendered from the date the appellee-husband refused to abide by the property settlement agreement which became a part of the final judgment.
Reversed with directions.