BARKDULL, Judge.
This case has been before this court previously. See: Dionise v. Keyes Company, 319 So.2d 614 (Fla.3d DCA 1975). To understand this opinion, the prior opinion of this court should be reviewed.
Prior to the finding by the trial judge, as referred to in the earlier opinion (that the signature of Mrs. Molne on the deposit receipt was a forgery), The Keyes Company had filed a counterclaim seeking a recovery of their brokerage commission, contending the deposit receipt was valid. When the trial judge found Mrs. Molne’s signature to be a forgery, Keyes voluntarily dismissed its counterclaim for brokerage commission based upon this finding. Subsequent to the reversals of the judgments referred to in the earlier opinion and the entry of an order on the mandate, the matter came on for pre-trial hearing prior to a new trial. At that time, the parties recognized that the counterclaim for commission by Keyes was then a viable issue in the event the jury found, upon a special interrogatory, that Mrs. Molne had in fact executed the deposit receipt. It was clearly indicated during the pre-trial conference, and agreed to by the parties, that if the jury found no forgery and, therefore, a valid contract Keyes would be entitled to move for a directed verdict , for its commission. The jury found no forgery; Keyes moved for a directed verdict on its commission, and the trial judge entered an order granting same which reads in part as follows:
* * * * * *
“THIS MATTER coming on to be heard upon the Motion for Directed Verdict made by THE KEYES COMPANY, in open Court, on its Counterclaim against GLADYS MOLNE, after the determination and finding made by the jury, on February 9, 1977, that the signature of GLADYS MOLNE on the Deposit Receipt Contract, dated January 3, 1973 was authentic, * * *”
******
The contract that Keyes had with Mrs. Molne provided for attorney fees and, in this respect, the final judgment read in part as follows:
******
“ORDERED AND ADJUDGED that a reasonable attorney’s fee in favor of THE KEYES COMPANY, against GLADYS MOLNE, shall be entered by subsequent Order of this Court.”
******
Subsequently, the parties stipulated as to the reasonableness of attorney’s fees as follows:
[[Image here]]
*264 “IT IS HEREBY STIPULATED by and between THE KEYES COMPANY and GLADYS MOLNE that the issue of a reasonable attorney’s fee to THE KEYES COMPANY in connection with the Deposit Receipt Contract may be presented by each of the parties by Affidavits and the Court may consider the entry of a reasonable attorney’s fee without further testimony.”
* * * * * *
Thereafter, counsel for Keyes submitted affidavits as to the reasonableness of a fee. No affidavits were submitted by attorneys for Mrs. Molne on her behalf. Subsequently, the trial judge entered an order awarding the fees within the range of the affidavits tendered by Keyes. This appeal ensued.
Mrs. Molne contends, first, that the counterclaim was not properly before the court and, secondly, that the amount of attorney’s fee awarded in the event the counterclaim was properly before the court was unreasonable. We find no merit in her contentions. First, no effort was made to correct the final judgment that reflected that the cause was submitted to the jury on the counterclaim. If this order was inaccurate it was incumbent upon the appellant to seek to correct the inaccuracy in the trial court. Dade County Board of Public Instruction v. Foster, 307 So.2d 502 (Fla. 3d DCA 1975); Fla.R.App.P. 3.61. Further, by the claims and admissions made at the pretrial conference, it was clear that all parties and the court were aware that the issue as framed by the counterclaim for brokerage commission would be considered in light of whether the jury determined the signature on the brokerage contract to be valid. Any irregularity in the pleadings were cured by the parties’ actions at the pre-trial conference. State v. Pepper, 155 So.2d 383 (Fla. 1st DCA 1963); 62 Am.Jur.2d, Pre-Trial Conference, § 26. As to the attorney’s fee, the appellant having tendered no counter-affidavits in the trial court, she is not in a position to question the reasonableness of said fee at this time. Huntley v. Baya, 136 So.2d 248 (Fla. 3d DCA 1962); Solar Research Corporation v. Parker, 221 So.2d 138 (Fla.1969).
Therefore, the final judgment under review be and the same is hereby affirmed.
Affirmed.