GLICKSTEIN, Judge.
This is an appeal from an order awarding suit money and attorney’s fees to appellee. We affirm.
The trial court’s order recites that appellant ceased making child support payments in September, 1977, causing appellee to file an application for contempt. Hearing was set thereon for January 17,1979. Two days prior to the hearing date appellant paid the entire arrearage of $7,500. However, in anticipation of the hearing appellee already had travelled from her home in South Africa at an expense of $1,708.70 and had incurred attorney’s fees.
On January 23, 1979, appellee’s attorney sent a letter to appellant’s attorney confirming an understanding that was reached between the two attorneys by telephone. The gist of the agreement was that the question of appellee’s costs occasioned by her trip to this country and her attorney’s fees could be presented to the trial court without testimony from the parties.
On February 19, 1979, appellee filed a motion for determination of costs, expenses and fees. At the hearing on the motion appellant’s attorney objected to proceeding without live testimony from the witnesses. Notwithstanding the objection the trial court proceeded to determine the motion as to costs by use of the letter dated January 23, 1979. Appellant’s attorney argued that the entire cost of appellee’s trip to this country should not be assessed against appellant because appellee must come to this country at least once a year to maintain her citizenship. The trial court rejected that argument and awarded appellee her total claim of $1,708.70. The court also awarded $900 in attorney’s fees to appellee’s attorney after hearing the testimony of an attorney called as a witness by appellee.
Unquestionably appellee is entitled to “suit money” because of her trip to this country to attend the contempt hearing. Foster v. Foster, 220 So.2d 447 (Fla. 3d DCA 1969). The fact that she also could accomplish other matters while in this country is immaterial. Appellant’s delinquency in child support payments occasioned the expenses.
As for the attorney’s fees awarded to appellee, the order and approved state *1068 ment in lieu of transcript signed by the trial court supports its decision. Moreover, the fees were incurred solely by appellant’s default in child support payments and were required to enforce the trial court’s final judgment. Accordingly we affirm.
AFFIRMED.
DOWNEY and MOORE, JJ., concur.