PER CURIAM.
The Barreiros, preparatory to the commencement of proceedings to dissolve their marriage, entered into a property settlement agreement. Of significance to this appeal is that the husband agreed that (1) the wife, despite her announced intention to leave Florida, was to have the custody of the Barreiros’ seventeen-month-old child; and (2) “[i]n connection with the negotiation and execution of this Agreement and in connection with any action for dissolution of marriage, ... to pay one-half of the attorneys’ fees and costs incurred by the wife, said one-half being $460.00.”
Aida filed her petition for dissolution, which asked, inter alia, that the court ratify and approve the agreement. Armando, having a change of heart and mind, counter-petitioned seeking to prevent the wife from leaving Florida and thereafter, by amendment to his counter-petition, seeking custody of the child. With that, the wife moved for attorneys’ fees.
Nearly six months and over fifty hours of custody litigation later, the trial judge awarded the wife custody of the minor child, dissolved the marriage, approved and adopted the property settlement agreement, and reserved jurisdiction on the wife’s motion for attorneys’ fees.
Before the hearing on attorneys’ fees could be held, the trial judge who reserved jurisdiction was succeeded in office and the case reassigned. His replacement, after hearing uncontroverted testimony supporting a fee of no less than $6,000, refused to award any additional fees for the expressed reason that he believed he was “stuck with what’s in the file,” that is, the final judgment of dissolution ratifying the property settlement agreement, which provided for $460 only.
In our view, the trial judge was no more “stuck with what’s in the file” than Aida Barreiro was stuck with her agreement to accept $460. It is all too obvious that when Mr. Barreiro abrogated his agreement that Aida have custody of the child, resulting in totally unanticipated custody litigation and attendant attorneys’ fees, Aida’s agreement to accept $460 was abrogated as well. Moreover, the ratification and acceptance of the property settlement agreement in the final judgment of dissolution cannot reasonably be construed as precluding an award of additional fees to Aida, particularly in light of the fact that the very same paragraph of the judgment provides for a specific retention of jurisdiction to award *976 additional attorneys’ fees to the wife.[1] Therefore, for these reasons,[2] we reverse the Order Denying [sic] Attorneys Fees, which awarded the wife attorneys’ fees of $460 as limited by the property settlement agreement. We remand the cause to the trial court to award to the wife such additional fees reasonably incurred by her in connection with the litigation which was engendered by the husband seeking custody of the minor child.[3]
Reversed and remanded.

. Paragraph 6 of the Final Judgment reads: “The court ratifies and accepts the Property Settlement Agreement entered into between the parties and makes it a part of this Final Judgment of Dissolution of Marriage by reference, and the Court will retain jurisdiction for the purpose of enforcing the terms and conditions in said Agreement as modified with regard to visitation and for otherwise modifying said Agreement as from time to time may become necessary, and to award additional attorneys fees to the Petitioner/Wife.”

. The appellant invites us to alternatively hold on the authority of Young v. Young, 322 So.2d 594 (Fla. 4th DCA 1975), cert. denied, 333 So.2d 466 (Fla.1976), that, in any event, the trial court was authorized to award her additional attorneys’ fees despite her agreement to accept $460. Because the fee agreement was so clearly abrogated in the present case, we decline the invitation.

.The trial judge may, if he deems it necessary, take additional testimony. While he commented at the attorneys’ fees hearing that he thought the wife deserved additional fees, we cannot conclusively discern that he meant that $6,000 was appropriate or that some other additional award was appropriate.