423 So.2d 419 (1982)
Judith A. CREEL, Appellant,
v.
Joe M. CREEL, Appellee.
No. 81-2457.
District Court of Appeal of Florida, Third District.
November 23, 1982.
Rehearing Denied January 7, 1983.
*420 Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik and Paul Louis and John L. Zavertnik, Miami, for appellant.
Reinman, Harrell, Silberhorn, Moule, Boyd & Graham and Rex Moule, Melbourne, for appellee.
Before BARKDULL, NESBITT and JORGENSON, JJ.
PER CURIAM.
Two years subsequent to the parties' dissolution of marriage, the former wife filed a petition for modification seeking: (1) increased child support; (2) an extension of rehabilitative alimony; and (3) an increase in the amount of rehabilitative alimony payments. The former husband filed a cross-petition seeking to decrease the amount of child support. After a full evidentiary hearing, the trial court denied both parties' petitions as well as the wife's request for attorney's fees. The wife appeals and the husband cross-appeals, each seeking to vindicate their respective positions before the trial court.
We find that the denial of the petitions for modification was well within the trial court's discretion. However, we view the denial of the wife's request for attorney's fees in defense of the husband's petition for reduction of child support to be an abuse of discretion. The income, assets, and relative financial positions of the parties, Canakaris, v. Canakaris, 382 So.2d 1197 (Fla. 1980); Hicks v. Hicks, 313 So.2d 64 (Fla.4th DCA 1975), as well as the husband's substantially nonmeritorious petition for reduction in child support, Jaffee v. Jaffee, 394 So.2d 443, 447 (Fla.3d DCA 1981), require that the husband be responsible for paying the wife's attorney's fees. For the same reason, we find that the wife is also entitled to her attorney's fees before this court in defending against the husband's cross-appeal.
Consequently, we remand the case to the trial court to fix and determine reasonable fees to be awarded the wife for the services of her counsel in defending against the husband's cross-petition and cross-appeal.
Affirmed in part and reversed in part with directions.