423 So.2d 504 (1982)
Nancy R. BROUDY, Appellant,
v.
Donald H. BROUDY, Appellee.
No. 82-182.
District Court of Appeal of Florida, Third District.
December 14, 1982.
*505 Fromberg, Fromberg, Roth, Gross, Cohen, Shore & Berke, and Jeffrey Michael Cohen, Coral Gables, for appellant.
Milledge & Hermelee and Alan Rosenthal and Allan Milledge, Miami, for appellee.
Before BARKDULL, SCHWARTZ, and NESBITT, JJ.
NESBITT, Judge.
This is an appeal and cross-appeal from a final judgment entered upon petition and cross-petition for modification. The husband's petition for modification requested termination of alimony payments on the allegation that the wife had become self-supporting. The wife's cross-petition requested: (1) an increase in alimony payments; (2) arrearages due to nonpayment of cost-of-living increases; (3) arrearages in child support; and (4) attorney's fees. The matter was referred to a general master for the taking of testimony. The husband filed exceptions to the master's findings. Each of the master's findings was overturned by the circuit judge.
A threshold issue is whether the agreement incorporated into the parties' 1974 judgment of dissolution was modifiable, pursuant to Section 61.14, Florida Statutes (1973), or whether it constituted a true property settlement agreement within the contemplation of Salomon v. Salomon, 196 So.2d 111 (Fla. 1967). The master found that the agreement was a true property settlement agreement and thus was nonmodifiable. The trial court sustained the husband's exception to this finding.
We recognize that a master's findings must be approved by the referring chancellor unless clearly erroneous or unless the master has misconceived the legal effect of the evidence. Harmon v. Harmon, 40 So.2d 209 (Fla. 1949); Shaw v. Shaw, 369 So.2d 81 *506 (Fla. 3d DCA 1979). However, because the pleadings in this case necessarily assumed that the agreement was open to modification, neither party presented the master with any testimony on the issue of modification. In this posture, the trial judge was in as favorable a position as the master to construe the written agreement.
A perusal of the agreement substantiates the trial court's determination of its legal effect. In pertinent provisions, it recognizes that the alimony payments contemplated were fair and reasonable under the circumstances at the time of execution and that the wife waived attorney's fees except in proceedings in which she might seek modification. Therefore, the trial court's construction of the agreement as being modifiable is in conformity with Friedman v. Friedman, 366 So.2d 820 (Fla. 3d DCA), cert. denied, 376 So.2d 71 (Fla. 1979) and Brisco v. Brisco, 355 So.2d 506 (Fla. 2d DCA 1978). Moreover, we will not permit the wife to take a position inconsistent with that assumed by her in her cross-petition for modification. See Hodkin v. Perry, 88 So.2d 139 (Fla. 1956); Lyle v. Hunter, 102 Fla. 972, 136 So. 633 (1931); United Contractors, Inc. v. United Construction Corp., 187 So.2d 695 (Fla. 2d DCA 1966).
Since the agreement is modifiable, pursuant to Section 61.14, we next consider the husband's contention that alimony should be terminated as against the wife's claim that it should be increased. Because the master misinterpreted the contract as being nonmodifiable, he recommended that the alimony payments not be terminated. Upon examination of the evidence presented, the trial court correctly determined that the payments should cease, but wrongly decreed that termination was effective as of the date of the final hearing.
The evidence showed that due mainly to the inheritance of some rental property and a newly-obtained job, the wife's income rose from zero at the time of the final judgment of dissolution to over $40,000 a year at the time the husband filed his petition for modification. Within the same time span, the value of the wife's assets increased from approximately $100,000 to over $300,000. During the course of the modification proceedings, the wife's annual income again rose sharply, and her assets increased by $500,000 as a result of the sale of her interest in a shoe company.
The trial court's decision that payments were terminable on the date of the final hearing was apparently influenced by the more recent contributions to the wife's financial well-being. It is clear, however, that the $40,000 annual income and $300,000 in fixed assets rendered the wife self-supporting previous to the filing of the husband's petition for modification. We therefore agree with the point upon the husband's cross-appeal that although the matter is discretionary with the trial court, Brisco v. Brisco, supra; Simon v. Simon, 155 So.2d 849 (Fla. 3d DCA 1963), the court in this case abused its discretion by not terminating the husband's alimony obligations as of the date he filed his petition for modification.
We turn now to the wife's claims for arrearages in alimony and child support payments. The basis for seeking alimony arrearages was the husband's refusal to pay the cost-of-living increases required by the agreement. Under the evidence presented, the master recommended that the husband be required to pay these arrearages, thereby rejecting the husband's asserted defense of waiver. Without taking additional testimony, the trial court overturned this finding and ruled that the wife had waived the cost-of-living arrearages.
The testimony on this issue was clear-cut. The husband stated that he never paid the cost-of-living adjustments because he was not ordered to do so. The wife testified that she had not attempted to enforce the adjustment provision because of an attorney's advice that efforts at obtaining the arrearage might precipitate the husband's petition to terminate alimony. Neither position indicated that the wife's inaction constituted the intentional relinquishment of a known right, without which there can be no *507 waiver. See Opler v. Wynne, 402 So.2d 1309 (Fla. 3d DCA 1981), pet. for review denied, 412 So.2d 472 (Fla. 1982). Mere delay is insufficient to support a defense of waiver, Mercede v. Mercede Park Italian Restaurant, Inc., 392 So.2d 997 (Fla. 4th DCA 1981), and the evidence adduced showed nothing more than mere delay. Consequently, the trial court erred in denying the cost-of-living increases to the wife. Since we have already determined that alimony was terminable on the date the husband's petition for modification was filed, the husband is required to pay only the cost-of-living arrearages that accumulated previous to that date.
The wife's claim for child support arrearages was based upon an agreement provision obligating the husband to support the couple's three children until they attained the age of twenty-one. The husband fulfilled his support obligations while all three children remained under the wife's roof. In the summer of 1976, however, the couple's daughter entered college. The parties orally agreed that the husband would have complete financial responsibility for the daughter's college tuition, board, lodging, and other expenses and would accordingly reduce his child support payments to the wife by one-third. The daughter's stay at college proved short-lived. She moved back with her mother in March of 1977. Except for a brief period when the daughter lived with a boyfriend, she then remained with her mother until reaching the age of twenty-one on July 12, 1979.
The master found that the wife was entitled to arrearages for the daughter's support from the date the daughter moved back into the house after her stay at college, until July 12, 1979. This was exactly what the wife had claimed in her cross-petition. The husband excepted to the master's finding and the trial court ruled that there was no evidence to support a claim for any child support arrearages. Neither the master nor the circuit judge was entirely correct. When the daughter returned to her mother's care and custody after attending college, the husband's child support obligation resumed. However, this obligation did not include providing for the daughter when she was living with her boyfriend because during that time she was not dependent on either her mother or her father for support. See Kern v. Kern, 360 So.2d 482 (Fla. 4th DCA 1978). For the remaining periods of time, the arrearages are due and owing.
The final dispute is with respect to attorney's fees. The master recommended that the wife be allowed a substantial portion of her attorney's fees. This recommendation was obviously predicated upon the master's view that the agreement was nonmodifiable and upon his other findings. The trial court sustained the husband's exception to the award of the wife's attorney's fees.
Section 61.16, Florida Statutes (1979), provides the statutory authority for the award of attorney's fees in proceedings to enforce or modify a dissolution judgment. The general rule is that the purpose in awarding these fees is to ensure that both parties have similar ability to secure competent legal counsel. Patterson v. Patterson, 399 So.2d 73 (Fla. 5th DCA 1981). See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Cummings v. Cummings, 330 So.2d 134 (Fla. 1976). The record demonstrates that the wife had sufficient means to obtain able counsel of her own choosing. Nonetheless, the general rule, operating as it does within courts of equity, must be flexible enough to permit consideration of other relevant factors. Cf. Creel v. Creel, 423 So.2d 419 (Fla. 3d DCA 1982) (relative financial positions of parties as well as the husband's substantially nonmeritorious petition for reduction in child support entitled wife to attorney's fees); Patterson v. Patterson, supra, (when it is necessary for one spouse to seek enforcement of a final judgment because of wilful refusal of the other spouse to comply with its terms, the trial court may take into account the disregard of the court's order in considering a motion to assess attorney's fees) (citing Spencer v. Spencer, 305 So.2d 256 (Fla. 3d DCA 1974), cert. denied, 315 So.2d 470 *508 (Fla. 1975)); Jaffee v. Jaffee, 394 So.2d 443, 447 (Fla. 3d DCA 1980) (totally meritless attempt to reduce or eliminate alimony made the husband liable for all instead of half of attorney's fees expended in defending against his motion). In the present case, we hold that the husband's refractory attitude concerning his obligations to pay alimony increases and to resume child support payments justified awarding the wife the attorney's fees incurred in seeking enforcement of these obligations. The trial court erred in rejecting the master's report insofar as it recommended awarding these fees.
By way of recapitulation, we observe that the property settlement agreement in this case was modifiable, pursuant to Section 61.14, Florida Statutes (1973); that the evidence clearly warranted the termination of alimony payments retroactive to the date of filing of the husband's petition for modification; that alimony arrearages accumulating prior to that date as a result of the husband's failure to pay cost-of-living increases are due to the wife; that the wife is to be awarded child support arrearages for the intervals of time that her daughter lived at home after her return from college; and that the wife is to receive attorney's fees as indicated above.
For the foregoing reasons, the judgment appealed from is affirmed in part and reversed in part on the wife's appeal and reversed on the husband's cross-appeal. The case is remanded to the trial court to calculate the arrearages and to fix and determine partial attorney's fees in conformity with this decision.