477 So.2d 42 (1985)
William Peter PLANES, Appellant,
v.
Marianthi PLANES a/K/a Marianne Planes, Appellee.
No. 84-2702.
District Court of Appeal of Florida, Third District.
October 22, 1985.
Greene & Cooper and Sharon L. Wolfe, Miami, for appellant.
Robert L. Koeppel and William T. Goran, Miami, for appellee.
Before HENDRY, NESBITT and FERGUSON, JJ.
PER CURIAM.
We affirm the attorney's fee award under review upon a holding that the trial court had jurisdiction and the wife was entitled to an award of attorney's fees under section 61.16, Florida Statutes (1983), for her attorney's services which were rendered to enforce a final judgment of dissolution of marriage which incorporated a settlement agreement where the husband was in continuous violation of the agreement. See Ettinger v. Ettinger, 242 So.2d 502 (Fla. 3d DCA 1971). We reach this holding notwithstanding a footnote in the agreement in which the wife purports to waive, except as provided therein, "any and all claims that she now has, or may ever have, to alimony, suit money, and attorney's fees." First, the husband raises this provision for the first time on appeal. See Abrams v. Paul, 453 So.2d 826 (Fla. 1st DCA 1984). Second, even if properly raised, the provision would not prevent an award of fees under section 61.16 in these *43 proceedings to enforce the husband's obligations under the agreement. See Barreiro v. Barreiro, 411 So.2d 974 (Fla. 3d DCA 1982). Third, enforcement of the provision in the present proceedings would clearly be inequitable. See Blanton v. Blanton, 413 So.2d 453 (Fla. 5th DCA 1982). Finally, we find the amount awarded was reasonable under the circumstances and is supported by competent and substantial evidence. See Lee v. Lee, 262 So.2d 6 (Fla. 4th DCA 1972). See also Molne v. Keyes Co., 357 So.2d 262 (Fla. 3d DCA) (the appellant, having tendered no counteraffidavits in the trial court on the issue of attorney's fees, may not question the reasonableness of the fees on appeal), cert. denied, 360 So.2d 1249 (Fla. 1978).
Affirmed.