PER CURIAM.
During the pendency of a matrimonial dissolution proceeding, the parties entered into a property settlement agreement which provided, among other things, the following:
“C. Schedule 11(A): Real property and mortgage owned by both Husband and Wife, jointly, to be divided equally between Husband and Wife.
* * * * * *
9. Wife agrees to execute such documents and notes as are required to by SOUTHEAST FIRST NATIONAL BANK to complete a $75,000.00 loan to Husband. Husband agrees to hold Wife harmless as to such loan. The proceeds of this loan shall be disbursed as follows:
* * * * * ⅜
A part of the real property was a residence located in Polk County, Florida, known as the Woodhall Property.
Thereafter a final judgment of dissolution was duly entered. The property settlement agreement was incorporated into and made a part of the final judgment of dissolution. Subsequently, the appellant filed a motion to hold the appellee in contempt in order to require compliance with several provisions of the property settlement agreement, including the above set forth paragraphs. Following an evidentiary hearing, the trial court ordered the appellee to make certain payments as required by the agreement, but denied relief as related to the above quoted provisions. The appellant was not held harmless to the appellee on the loan from Southeast Bank to the extent of $25,-000.[1] Further, at the time of the sale of the Woodhall property, the appellee received a parcel of real estate which was valued at $40,000 and credited on the Woodhall purchase price. The appellee unilaterally elected, upon the closing of this sale, to take this property in his individual name and thereafter treated the property as his own. The trial court recognized the appellant’s right to an interest in this prop *99 erty, but awarded her only a one-half interest in the net value of equity in the property some thirty months after the closing. Notwithstanding that the former wife prevailed on her provision to enforce the agreement, the trial court denied her attorney’s fees because of the following provision of the property settlement agreement:
“15. Each party to this Contract shall bear their own attorney fees and costs, the Wife having informed the Husband she has paid her attorney and is not seeking reimbursement of such fees. ROBERT E. METZKER and Court costs will be paid from joint Ready Assets Trust of Paragraph 9(c).
We find that the trial court erred in failing to require the appellee to comply with the agreement to hold appellant harmless as to the Southeast loan and in valuing her interest in the property (accepted as a credit) taken by the appellee, not at the time of the conversion, but at a later date when disposed of by the appellee. Miller v. Miller, 149 Fla. 722, 7 So.2d 9 (1942); Jaffee v. Jaffee, 394 So.2d 443 (Fla. 3d DCA 1981); Benson v. Benson, 369 So.2d 99 (Fla. 4th DCA 1979); Sedell v. Sedell, 100 So.2d 639 (Fla. 1st DCA 1958).
We also find that the trial court erred in refusing to award the appellant attorney’s fees. Planes v. Planes, 477 So.2d 42 (Fla. 3d DCA 1985); Barreiro v. Barreiro, 411 So.2d 974 (Fla. 3d DCA 1982). Therefore we reverse the order under review, in part, with directions to award the appellant $25,000 for the hold harmless agreement and $20,000 as her share of the value of the property converted to the appellee at the time of the Wood-hall sale[2] plus interest from the date of the closing of the sale of the Woodhall property. The trial court shall also award the appellant attorney’s fees for services in the trial court, post final judgment in enforcing the property settlement agreement, and for services in connection with this appeal, after an evidentiary hearing as to need and ability to pay.
Reversed and remanded with directions.

. This was accomplished by the appellee taking $25,000 of the proceeds from the Woodhall sale which belonged to the appellant, and applying it, in partial liquidation, to the Southeast loan.

. There has been some indication that the appel-lee has given, or paid to the appellant, since the dissolution proceeding, sums of money not required by the property settlement agreement. If this be so, upon appropriate proof, these two awards to the appellant should be reduced accordingly.