525 So.2d 935 (1988)
Henry Lewis MELOAN, Appellant,
v.
Carol K. COVERDALE, F/K/a Carol Meloan, Appellee.
No. 87-1815.
District Court of Appeal of Florida, Third District.
May 10, 1988.
Rehearing Denied June 14, 1988.
*936 Beth Tyler Vogelsang, Miami, for appellant.
Highsmith, Strauss & Glatzer, P.A., and Philip Glatzer, Miami, for appellee.
Before BARKDULL, NESBITT and JORGENSON, JJ.
JORGENSON, Judge.
Henry Meloan assigns as error the trial court's denial of his motion for attorney's fees, guardian ad litem fees, court-appointed psychologist fees, and suit monies in an action to enforce visitation rights. He also assigns as error the trial court's order granting the petition of his former wife, Carol K. Coverdale, for attorney's fees and costs in the enforcement action and order requiring Henry to pay private school tuition. For the reasons which follow, we affirm in part and reverse in part.
The marriage between Carol and Henry was dissolved in 1984. Under the terms of the property settlement agreement, Carol was awarded periodic alimony, child support, and residential custody of the two minor children, Michael and Katherine. The agreement obligated Henry to provide health insurance for the children and to pay any portion of psychological counseling services not fully covered by insurance as long as the services were rendered by participating practitioners. The agreement further obligated Henry to pay the children's education expenses, subject to certain conditions.
Henry and the children enjoyed regular and frequent visitation following the dissolution until Henry married his present wife. Carol and the children perceived his remarriage as a disruptive event in their lives, and visitation effectively ceased. Henry sought assistance in reestablishing visitation through the Family Mediation Unit but was unsuccessful in bringing Carol into mediation. In September, 1985, he filed the first of several petitions for enforcement of visitation rights. We decline to detail the flurry of litigation that ensued over the next eighteen months, except to note that the services of a guardian ad litem and a court-appointed psychologist as well as repeated court orders were required to overcome Carol's intransigence as the custodial parent in thwarting Henry's visitation. Approximately fourteen months into the visitation litigation, Carol counter-petitioned to modify child support. Shortly before the final hearing, she moved to require Henry to pay private school tuition for Michael. At the final hearing, the trial court: (a) denied Henry's motion to assess against Carol any portion of the $22,000 he had incurred in enforcing the visitation provisions of the agreement; (b) granted Carol's motion requiring Henry to pay all of her attorney's fees incurred in the litigation of all claims; (c) increased the amount of child support; and (d) granted Carol's motion to compel Henry to pay Michael's private school tuition. Henry appeals all of the orders, except for the order modifying child support.
Section 61.16, Florida Statutes (1985), provides statutory authority to award attorney's fees in proceedings to enforce or to modify a dissolution judgment. Absent a showing of an abuse of discretion concerning the amount awarded, an appellate court will not substitute its judgment for that of the trial court. Krasner v. Krasner, 339 So.2d 674 (Fla. 3d DCA 1976). One of the underlying principles upon which fees are allowed in domestic cases is to equalize the otherwise disparate financial abilities of the parties to retain counsel. Levy v. Levy, 483 So.2d 455, 457 (Fla. 3d DCA) (citing Canakaris v. Canakaris, 382 So.2d 1197, 1205 (Fla. 1980)), rev. denied, 492 So.2d 1333 (Fla. 1986). Although a major factor in the allowance of attorney's fees is the financial condition of *937 the parties, "the general rule, operating as it does within courts of equity, must be flexible enough to permit consideration of other relevant factors." Broudy v. Broudy, 423 So.2d 504, 507 (Fla. 3d DCA 1982). See also Keena v. Keena, 245 So.2d 665 (Fla. 1st DCA 1971) (right to counsel fees in a dissolution proceeding is not absolute right but is founded upon equitable principles).
The court held in Patterson v. Patterson, 399 So.2d 73 (Fla. 5th DCA 1981), that where a spouse must seek judicial enforcement of a final judgment because of the other spouse's willful refusal to comply with its terms, the trial court may consider the recalcitrant spouse's disregard of the court's order in assessing attorney's fees. Although Patterson involved an adjudication of contempt, such an adjudication is not a prerequisite to an assessment of attorney's fees against the noncomplying party. The contempt of a noncomplying party is only one of several factors a trial court must examine in exercising its discretion to award attorney's fees. Warnhoff v. Warnhoff, 493 So.2d 52 (Fla. 4th DCA 1986), rev. denied, 503 So.2d 328 (Fla. 1987). Additional factors to be considered include whether the modification or enforcement action brought or defended by the party seeking fees was meritorious or was litigated in good faith and whether the actions of one party compelled the other party to resort to the courts for a remedy. See Dubreuil v. Dubreuil, 489 So.2d 97 (Fla. 3d DCA 1986) (former wife entitled to attorney's fees for services rendered in enforcing postfinal judgment property settlement agreement); Planes v. Planes, 477 So.2d 42 (Fla. 3d DCA 1985) (former wife entitled to award of attorney's fees incurred in enforcing agreement where former husband was in continuous violation of agreement); Creel v. Creel, 423 So.2d 419 (Fla. 3d DCA 1982) (court considered former husband's substantially non-meritorious petition for reduction in child support, as well as income, assets, and relative financial positions of parties, to find former wife entitled to attorney's fees); Broudy (former husband's refractory attitude toward payment of alimony and child support justified awarding former wife attorney's fees incurred in enforcing obligations); Barreiro v. Barreiro, 411 So.2d 974 (Fla. 3d DCA 1982) (where husband abrogated terms of property settlement agreement resulting in totally unanticipated child custody litigation, wife was entitled to award of additional attorney's fees reasonably incurred in defending husband's counterpetition seeking custody); Jaffee v. Jaffee, 394 So.2d 443 (Fla. 3d DCA 1981) (error for trial court to order former husband to pay only one-half of former wife's attorney's fees where former husband's motion to reduce or eliminate alimony was totally meritless); Peacock v. Peacock, 394 So.2d 1066 (Fla. 4th DCA 1981) (trial court properly awarded former wife attorney's fees incurred to enforce terms of final judgment); Ettinger v. Ettinger, 242 So.2d 502 (Fla. 3d DCA 1971) (failure of former husband to comply with settlement agreement entitled former wife to attorney's fees incurred in enforcing judgment). See also Annotation, Right to Attorney's Fees in Proceeding, after Absolute Divorce, for Modification of Child Custody or Support Order, 57 A.L.R. 4th 710 (1987).
We hold that it was an abuse of discretion for the trial court in this case to require Henry, the party who was compelled to resort to an enforcement action in court, to pay not only his attorney's fees but also the entire amount of attorney's fees incurred by Carol, the party who, without good cause, resisted the action. More is required of a court when assessing attorney's fees in a domestic relations proceeding than a mechanistic exercise in identifying the relative financial circumstances of the parties and, excluding all other factors, strictly assessing the entire cost of litigation against the party who has the superior financial position. We, therefore, reverse the award of attorney's fees to Carol for services connected to the enforcement litigation. On remand, we direct the trial court to take into account the aforementioned factors as well as Henry's superior financial position in determining an equitable award of Carol's attorney's fees. *938 On remand, the trial court may also consider whether Carol should defray any portion of Henry's attorney's fees. We reverse the assessment of guardian ad litem fees against Henry for the same reason and direct the trial court on remand to accord this issue the same treatment. We affirm the award of attorney's fees to Carol to the extent that the fees were incident to her action for modification of child support.
We next turn to Henry's contention that the trial court erred in requiring him to pay the fee of the court-appointed psychologist. Paragraph 7D of the property settlement agreement obligates Henry to pay the difference between the amount billed for psychological counseling services rendered on behalf of the minor children and the amount covered under the terms of the health insurance policy provided that the physician is covered by the policy.[1] Because the policy covers the court-appointed psychologist, we affirm the order directing Henry to pay the difference.
We agree with Henry that the trial court erred in directing him to pay the children's tuition where the terms of the agreement had not been honored. The trial court construed paragraphs 7E and 7F of the property settlement agreement to bind Henry to pay the private education expenses of the minor children, subject to the tuition credit received by Carol as a faculty member at the school.[2] The plain language of paragraph 7E requires that the parties make a joint decision as to the education needs of the children. The record reveals that there was no joint decision: Carol unilaterally continued Michael's enrollment in the private school beyond the date specified in the agreement, and Henry unilaterally stopped further payments of tuition. On remand, we direct the trial court to resolve the question of whether Henry's obligation to pay tuition continued despite Carol's lack of compliance in arriving at a joint choice of schools.
Affirmed in part, reversed in part, and remanded for further proceedings.
NOTES
[1] Paragraph 7D provides as follows:

D. While the Husband is required to pay the support set forth in Paragraph 7A, he shall provide Accident and Health Insurance for the Children. The Husband shall also pay the portion of medical, dental and psychological or psychiatric counseling bills not covered by said insurance as long as the doctor, dentist or counselor are covered under said policy of insurance.
[2] Paragraphs 7E and 7F read as follows:

E. So long as the Husband is obligated to pay child support, he shall pay the education expenses of the children, including the cost of private school that the children are presently attending and miscellaneous educational expenses all of which presently total approximately $321.00 per month, through January 1985. Commencing January 1, 1985, and in January of each succeeding year that the Husband is obligated to pay support, the parties shall make a joint decision as to the education needs of the children.
F. If the Wife receives a tuition reduction for working at a private school which the children attend, the Husband will be credited with such reduction and pay the actual expense of said education.