537 So.2d 1088 (1989)
Sara Jane THORNTON, f/k/a Sara Jane W. Byrnes, Appellant,
v.
John BYRNES, Appellee.
No. 87-2667.
District Court of Appeal of Florida, Third District.
January 24, 1989.
Rehearing Denied March 2, 1989.
*1089 Marks, Aronovitz & Leinoff and Mark A. Gatica and Andrew Leinoff, for appellant.
Horton, Perse & Ginsberg and Mallory Horton, J. Randolph Lipscomb, for appellee.
Before BARKDULL, DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
Sara Jane Thornton appeals from the trial court's denial of her request for an increase in child support and for attorney's fees and costs. John Byrnes cross-appeals an award of child support arrearages. We affirm in part and reverse in part.
The parties' marriage was dissolved in September, 1980. Custody of the minor children, John and Michael, was awarded to the mother, Sara. The father, John, was ordered to pay child support of $700 per month, to be divided equally between the children. In January, 1982, the mother remarried. The parties' older son, John, developed severe emotional problems and, in the spring of 1982, it was agreed that John would live with his father. The father unilaterally ceased paying child support for John. In the winter of 1982, the mother filed a motion for contempt and petitioned for modification of support, but no further proceedings were had for some time. In 1985 and throughout most of 1986, the father paid no support for Michael. In June, 1986, the father filed a motion seeking custody of John.
The motions were consolidated and heard by a general master. At the conclusion of the hearings, the master recommended, inter alia, that the mother receive a judgment for $16,187.00 in support arrearages; that the father receive custody of John; that the mother's petition for modification of child support for Michael be denied; and that her request for attorney's fees and costs be denied. The trial court approved and adopted the recommendations.
We find no error in that portion of the trial court's order awarding support arrearages. The trial court is bound by the general master's factual findings if they are supported by competent evidence. Bragassa v. Bragassa, 505 So.2d 556 (Fla. 3d DCA 1987). The master's finding that there was no informal, oral agreement to modify the $700 per month amount is supported by competent evidence. The child support payments, therefore, "not only must be made as provided, but become vested property rights of which the recipient cannot constitutionally be deprived until and unless a motion for modification is filed and favorably acted upon." Adams v. Adams, 423 So.2d 596, 598 (Fla. 3d DCA 1982); see also Shufflebarger v. Shufflebarger, 460 So.2d 982 (Fla. 3d DCA 1984) (unpaid child support is vested right).
*1090 The trial court correctly approved the master's findings that the mother failed to meet her burden of proof to show a substantial, involuntary, and permanent change in circumstances sufficient to warrant an increase in the amount of support for Michael. See Vanden Bosch v. Elkins, 419 So.2d 1127 (Fla. 3d DCA 1982).
It was error, however, for the trial court to adopt the master's recommendation that "in view of the totality of financial disclosure as to the assets of both parties," the mother was not entitled to any attorney's fees or costs. While we recognize that an award of attorney's fees is a matter of discretion with the trial court, Colbath v. Colbath, 268 So.2d 361 (Fla. 1972), it is an abuse of that discretion to look exclusively to the financial circumstances of the parties in determining whether to award fees. Meloan v. Coverdale, 525 So.2d 935 (Fla. 3d DCA), rev. denied, 536 So.2d 243 (Fla. 1988). The trial court must consider other relevant factors, including "whether the modification or enforcement action brought or defended by the party seeking fees was meritorious or was litigated in good faith and whether the actions of one party compelled the other party to resort to the courts for a remedy." Id. at 937. See also Dubreuil v. Dubreuil, 489 So.2d 97 (Fla. 3d DCA 1986); Planes v. Planes, 477 So.2d 42 (Fla. 3d DCA 1985); Creel v. Creel, 423 So.2d 419 (Fla. 3d DCA 1982); Broudy v. Broudy, 423 So.2d 504 (Fla. 3d DCA 1982). There is little indication in the record that the master based his recommendation on anything other than the relative financial positions of the mother and father. Further, the mother's financial position was overstated in that the master included in the mother's net worth the amount of support arrearages. We, therefore, reverse that portion of the order denying the mother attorney's fees and costs. On remand, the trial court is directed to ascertain the amount of fees incurred by the mother in her enforcement action as well as in defense of the father's petition for modification. The trial court should revisit the propriety of an award in light of the relevant factors set forth in our opinion in Meloan.
AFFIRMED IN PART; REVERSED IN PART; REMANDED WITH DIRECTIONS.