PER CURIAM.
The initial appeal in this marriage dissolution action was voluntarily dismissed, but the cross appeal remains. Diann F. Gero-nemus (wife), cross appeals the trial court’s order denying her attorney’s fees for bringing a motion for contempt against Robert P. Geronemus (husband). We reverse.
The final judgment of dissolution required the husband, among other things, to pay for the maintenance of the wife’s medical insurance for twelve years. ' Because the husband allegedly allowed the wife’s medical insurance to lapse, the wife filed a motion for contempt. The trial court denied the motion and also denied the wife her attorney’s fees. The court’s stated reason for refusing to award fees was that the husband was not in contempt.
An adjudication of contempt, however, “is not a prerequisite to an assessment of attorney’s fees against the noncomplying party. The contempt of a noncomplying party is only one of several factors a trial court must examine in exercising its discretion to award attorney’s fees.” Meloan v. Coverdale, 525 So.2d 935, 937 (Fla. 3d DCA), rev. denied, 536 So.2d 243 (Fla.1988). “Additional factors to be considered include whether the modification or enforcement action brought or defended by the party seeking fees was meritorious or was litigated in good faith and whether the actions of one party compelled the other party to resort to the courts for a remedy.” Id.
Because the trial court denied the wife’s request for attorney’s fees solely on the ground that the husband was not in contempt, the trial court erred. Accordingly, the trial court is reversed and the matter is remanded with direction to determine the wife’s entitlement to attorney’s fees as well as the wife’s financial need and the husband’s financial ability.
REVERSED AND REMANDED WITH INSTRUCTIONS.
GLICKSTEIN, C.J., GUNTHER and POLEN, JJ., concur.