PER CURIAM.
Carol Holm Powell, the former wife, appeals from an order denying exceptions to a General Master’s report. We reverse.
The parties were divorced in 1989. Pursuant to the parties’ settlement agreement, that was incorporated into the parties’ dissolution of marriage decree, the former wife was named the primary residential parent. Paragraph 4(b) of the settlement agreement provided that “[t]he primary residential parent shall be permitted to remove the minor child from the geographic boundaries of the State of Florida, without prior written consent of the other parent or court order.”
The former wife filed a petition for modification of child support payments. During the pendency of this litigation, the former *1147 wife was seriously injured in an automobile accident. Because the former wife was no longer able to work and support herself, she relocated with the parties’ minor child to Virginia to live with her mother.
The former husband filed numerous motions including motions for change of custody and for return of the minor child. These motions were resolved when the parties agreed to modify Paragraph 4(b) of the settlement agreement to provide that the former wife would remain in Virginia and would not permanently relocate from there.
Both parties filed motions for attorney’s fees resulting from the issues that were heard before the General Master. After, the General Master heard testimony as to the meaning of Paragraph 4(b), he found that the litigation “was precipitated largely by the mother’s inappropriate relocation without first attending to the required issues.” Based on this finding, the General Master recommended that each party pay their own attorney’s fees, even though he also found that the former husband’s income was significantly greater than the former wife’s income. The former wife filed exceptions to the General Master’s report. The trial court denied the exceptions, and ratified and approved the General Master’s report. The wife’s appeal follows.
The former wife contends that the trial court erred by ratifying and approving the General Master’s report thereby denying her motion for attorney’s fees. We agree.
The primary criterion for an award of attorney’s fees in a marital ease is the financial resources of the parties. § 61.16, Fla.Stat. (1993); Armstrong v. Armstrong, 628 So.2d 1216 (Fla. 4th DCA 1993). However, “[a] party’s financial status should not insulate them [sic] from the consequences of their [sic] conduct within the judicial system.” Mettler v. Mettler, 569 So.2d 496 (Fla. 4th DCA 1990); see also, Armstrong, 623 So.2d at 1218 (“A non-complying spouse’s contempt may be taken into account when the court determines an attorney’s fee award, but that does not remove the trial court’s responsibility to consider need and ability to pay.”). Further, in awarding attorney’s fees in a marital action, the trial court may consider “whether the modification or enforcement action brought or defended by the party seeking fees was meritorious or was litigated in good faith and whether the actions of one party compelled the other party to resort to the courts for a remedy.” Meloan v. Coverdale, 525 So.2d 935, 937 (Fla. 3d DCA), review denied, 536 So.2d 243 (Fla.1988).
In the instant case, we find that the General Master’s finding that the former wife’s action of “inappropriately”' relocating to Virginia with the minor child was the cause of the litigation is not supported by competent substantial evidence. First, based on the plain language of Paragraph 4(b), the former wife’s action of relocating to Virginia without either the former husband’s or court’s approval was not “inappropriate.” Next, the former husband’s expert testified that even if the wife would have sought court approval prior to relocating, the difference in the time and cost involved in litigating this matter would not have been significant. Accordingly, we reverse the order under review and remand for an order awarding attorney’s fees to the former wife.
Reversed and remanded with directions.