ON CONFESSION OF ERROR

LOGUE, J.
Joannis Sapicas Salisele (“the father”) appeals a final judgment of the trial court that awarded Namivia Sapicas (“the mother”) attorney’s fees incurred in the litigation of the parties’ child custody dispute. The father asserts that the trial court improperly awarded the fees because the marital settlement agreement, which was ratified by the trial court during the pen-dency of the child custody dispute, explicitly provided that each party was to be responsible for his or her own attorney’s fees. On the mother’s proper confession of error, we agree.
The mother was on notice of the child custody dispute at the time that the marital settlement agreement was ratified by the trial court’s entry of the final judgment of dissolution of marriage. The mother did not take any steps to ask the trial judge to modify the attorney’s fees provision in that agreement, nor to ask the trial .court to reserve jurisdiction to rule on the award of attorney’s fees with respect to the child custody dispute at a later date. The mother therefore waived any right to later claim attorney’s fees in the child custody dispute. Cf. Barreiro v. Barreiro, 411 So.2d 974, 975-76 (Fla. 3d DCA 1982) (holding that parties were not bound by attorney’s fees provision in marital settlement agreement that was ratified upon entry of final judgment of dissolution of marriage, where trial judge specifically reserved jurisdiction to award the former wife additional fees in that judgment).
Reversed.