54 So.2d 679 (1951)
LYON
v.
LYON.
Supreme Court of Florida, Special Division A.
October 23, 1951.
Rehearing Denied November 21, 1951.
*680 J. Field Wardlaw and Wardlaw & Stewart, all of West Palm Beach, for appellant.
E.B. Griffis, Jr., and Rogers, Morris & Griffis, all of Fort Lauderdale, for appellee.
ROBERTS, Justice.
This appeal is from a final decree entered in divorce proceedings instituted below by the wife against the husband on the ground of extreme cruelty. The cause was tried before a Special Master, who found that plaintiff had sustained the allegations of her complaint and recommended that her prayer for a divorce and custody of the minor child of the parties be granted. The Chancellor, however, held that the evidence was insufficient to establish the ground of extreme cruelty, and thereupon sustained the defendant's exceptions to the Master's Report and dismissed the plaintiff's bill. Plaintiff has appealed from the final decree of dismissal.
We will first dispose of the plaintiff's contention that the Chancellor is limited by the exceptions in reviewing the Master's findings. It appears that the defendant filed only two exceptions to the Master's Report: (1) that the Master erred in finding that the plaintiff was a resident of Florida, and (2) that the Master erred in finding that the plaintiff had proved the allegations of her bill of complaint and was entitled to a decree of divorce for the reason that "there is absolutely no corroboration of the Plaintiff's testimony concerning the alleged grounds." It is the contention of the plaintiff that the Chancellor was limited, under the second exception, to a determination of whether there was sufficient corroborative testimony, and that it was error to review the sufficiency of the evidence as a whole. This contention cannot be sustained.
Our statute, Section 63.65, Florida Statutes, F.S.A., and Rule 65 of the Florida Equity Rules, 31 F.S.A., require the parties to file their exceptions to the Master's Report within ten days of the receipt of notice of filing, unless further time is allowed upon good cause shown. It is further provided therein that "If no exceptions are filed within the said period by either party, the report shall be confirmed by order of the court or in or by the final decree." But we do not construe the statute and the rule to mean that, in the absence of exceptions, the entry of final decree by the court in accordance with the findings and recommendations of the Master becomes a mere formality. Whether exceptions are filed to the report of the Master or not, it is the duty of the court to examine and carefully consider the evidence and determine whether under the law and the facts the court is justified in entering the decree recommended by the Master. Undoubtedly, where claims are conflicting and the veracity of the witnesses is a question to be considered, the Master  who has seen and heard the witnesses and observed their demeanor while testifying  is in a better position than the trial court to pass upon the question of veracity; and this court is committed to the rule that, in such cases, the Chancellor should not overturn the findings of the Master unless they are "clearly erroneous." See Harmon v. Harmon, Fla., 40 So.2d 209. But, without regard to the finding of the Master upon any particular question of fact, the ultimate and final question in this court is whether the decree rendered by the Chancellor is a proper one under the law and the evidence.
But even if the Chancellor did not err in reviewing the evidence as a whole, he must be held in error for dismissing the plaintiff's complaint.
The plaintiff alleged generally that defendant was "domineering, faultfinding, critical, neglectful," and was guilty of other misconduct of a similar nature. The specific acts of misconduct alleged and testified to by plaintiff were not denied by defendant  and, in fact, ample corroboration may be found in the defendant's own testimony. *681 See McGee v. McGee, 149 Fla. 31, 5 So.2d 49. There was some conflict between the testimony of the plaintiff and that of the defendant as to the defendant's general attitude towards plaintiff; but the Special Master, who observed the demeanor of the parties, evidently chose to believe plaintiff, rather than the defendant  and the Special Master was certainly in a better position than the trial court to pass upon the question of veracity. See Harmon v. Harmon, Fla., 40 So.2d 209.
While the defendant's attitude and conduct toward plaintiff were not such as would inevitably bring a wife to the point of severing the marriage bond, we think they are well within the tests of "extreme cruelty" as exemplified by the decisions of this court in Diem v. Diem, 141 Fla. 260, 193 So. 65; Baldwin v. Baldwin, 151 Fla. 341, 9 So.2d 717; Chestnut v. Chestnut, 160 Fla. 83, 33 So.2d 730. "In Diem v. Diem [supra] we held that any habitual indulgence on the part of one spouse that causes mental torture, undermines the health, or tends to dethrone the reason of the other is sufficient to constitute extreme cruelty as a ground for divorce. We further held in the latter case that extreme cruelty as ground for divorce is relative. What constitutes it may be determined by the degree of one's culture, his emotions, nervous reaction, or moral sense. Any course of conduct which meets this test is sufficient to warrant relief from the marital bonds." Bergman v. Bergman, 145 Fla. 10, 199 So. 920, 922. Thus, in determining whether particular conduct constitutes extreme cruelty, the test is not whether the conduct should result in the infliction of pain and suffering, but whether the conduct does, in fact, have that effect upon the other spouse; and if it does, then the offending spouse continues in the indulgence in that conduct at his or her peril of destroying and bringing to an end the marital relation. See Baldwin v. Baldwin, supra.
In the instant case, there is no question as to the effect of the defendant's attitude and conduct upon plaintiff; the evidence is abundant to show that such had rendered further cohabitation intolerable to the plaintiff and that any further effort on her part to continue in the marriage relationship would result in a nervous breakdown. Nor can it be doubted that the defendant was well aware of the particular acts, or non-action, on his part which were so distressing to plaintiff.
From all the evidence, it seems to us that this marriage, like that discussed in McGee v. McGee, supra, is a "hopeless failure," and that "This couple can never sail the matrimonial sea, except in storm, tempest, fog and misery. They can only wound and never comfort one another." [149 Fla. 31, 5 So.2d 49.] Under such circumstances, and under the authority of the cases above cited, we must hold that it was error to deny to the plaintiff a divorce. No issue appears to have been made between the parties as to the custody of the minor child, and the defendant does not here contend that, in the event the decree is reversed, the plaintiff should not be given the custody of the child.
Accordingly, the decree is reversed and the cause remanded for the entry of a decree awarding to plaintiff a divorce and the custody of the minor child of the parties, an allowance for the support of the minor child, and such sums for alimony and suit money "as from the circumstances of the parties and nature of the case may be fit, equitable and just." Section 65.08, Florida Statutes, F.S.A. The defendant appears to have been satisfied with the amounts awarded to the plaintiff by the Master for such purposes, since no exception as to such awards was taken by him. And, since it is shown that the plaintiff plans to return to the home of her parents in Washington, D.C.; that her parents occupy a well-to-do station in life; that the plaintiff possesses some earning capacity; and that the defendant's earnings are modest, we believe that the amount awarded for alimony was more than adequate, when tested by the rule of "the need of the wife and the ability of the husband to pay." In any event, the amount awarded may, of course, be adjusted by the trial court as the exigencies of the occasion may require or permit. Section 65.15, Florida Statutes, F.S.A.
*682 Reversed and remanded with directions.
TERRELL, Acting Chief Justice, ADAMS, J., and DICKINSON, Associate Justice, concur.