GIBLIN, Associate Justice
(concurring-specially).
The appellee Ronald Buff, an ambulance driver in the employ-of the appellant Phil-brick Ambulance Service, Inc., claimed compensation (Under the workmeh’s compensation act) for injuries sustained when the ambulance he was operating (in the course of his employment) collided with another motor vehicle at a street intersection in Miami.
The appellant employer and its insurance carrier, the appellant Ocean Accident & Guarantee Corporation, contested the claim. The only factual issue produced by the evidence submitted at a hearing conducted by a deputy commissioner was whether recovery was barred (by section 440.09 Fla. Stat., F.S.A.) because the injuries were occasioned primarily by the employee’s wilful refusal to observe safety rules prescribed by a municipal ordinance.
The ordinance provides that when an ambulance is being operated' “in response to an emergency call,” its driver may “exceed the prima facie speed limits provided such driver does not endanger life or property” and may proceed across an intersection even though faced with a red traffic light provided “the speed of the emergency vehicle shall he decreased to a degree necessary for safe operation.”
The deputy commissioner found that the ambulance driver, who was responding t.a an emergency call, had violated the ordinance because, while he had reduced the vehicle’s speed as he approached the intersection, he was crossing it at a speed of thirty miles an hour although confronted with a. red light, and because the - circumstances, were such that he could and should have observed the approach (from his left) of the-automobile with which the ambulance collided in time to avoid the collision.
- The arbiter further found, however, that, the claimant’s violation óf the ordinance was not wilful because of the circumstances, and conditions which prevailed. The emergency ’ call • to’which the claimant was-responding1 had been issued by the sheriff’s-office and he was advised that an ambulance was urgently and quickly needed. He had' been instructed by his employer to "run red *274 lights with proper precautions” when responding to emergency calls. The accident occurred at noon on a .clear day. The ambulance’s siren was operating efficiently at the time of the accident and was heard by the operator of the other vehicle involved. It was the latter’s duty, imposed by another ordinance, not only to yield the right of way, but to stop “on the approach of an authorized emergency vehicle when there is audible signal by siren.” The claimant had a right to assume that the drivers of other vehicles would comply with the requirements of such ordinance. The ambulance was the first of the two vehicles to enter the intersection. The driver of the other vehicle did not stop, but proceeded into the intersection (at a speed of approximately twenty miles an hour) and his automobile crashed into the left side of the ambulance. The claimant had not seen the automobile until an instant before the impact. The deputy commissioner concluded that both drivers were at fault.
The question posed for our decision is whether there was substantial evidence which supports the deputy commissioner’s finding that the claimant’s, violation of the safety rules imposed by the municipal regulations was not wilful.
The test is whether the claimant consciously and intentionally committed the act which was violative of the safety rules. Gregory v. McKesson & Robbins, Inc., Fla., 54 So.2d 682, 685. The question of whether the employee was “wilfully” failing to observe a safety rule is to be determined from the facts and circumstances of each particular case. “The mere violation of a statute, ordinance or regulation does not constitute wilful misconduct as a matter of law. * * * Mere negligence and even gross negligence fall short of being wilful misconduct. * * * Wilful misconduct involves conduct of a quasi criminal nature, the intentional doing of something- either with the. knowledge that it is likely to result in serious injury, or with a wanton and reckless disregard of its probable, consequences.” Gregory v. McKesson & Robbins, Inc., supra.
Gauged by the standards established in the cited case, we think the evidence adduced warranted and supported the deputy commissioner’s finding that the claimant was not guilty of a wilful violation of the safety rules prescribed by the municipal regulations. In U. S. Casualty Co. v. Maryland Casualty Co., Fla., 1952, 55 So.2d 741, we held that in compensation proceedings the industrial commission should not reverse findings of fact made by a deputy commissioner unless it appears that those findings are clearly erroneous in that they are not sustained by competent, substantial evidence. In this case the commission was of the opinion that “there is competent, substantial evidence in the record to support the findings of fact heretofore made by the deputy commissioner in his award”; and the commission affirmed the award. The commission’s order was affirmed on appeal by the circuit court.
We find no basis in the record for our disturbing the order or judgment of the circuit court and, ’accordingly, it is affirmed.