DOWNEY, Judge.
Appellant, William W. Hearon II (father), appeals from an order confirming a master’s report that recommended denial of the father’s petition to transfer custody from the appellee, Penny G. Hearon (mother), to the father.
The record presents the tragic picture of the marriage of two immature teenagers, eighteen and fifteen years of age. Shortly after the marriage a child was born. When the child was two, the marriage was dissolved and the mother was awarded custody of the child with the father’s consent.
In November 1981 the mother requested the father to take the child temporarily because she was required to move her residence for non-payment of rent. Subsequently, in January 1982, after HRS commenced proceedings against the father for non-support, the father sought to modify the final judgment and award him custody. The parties stipulated to the court appointment of Ronald Harshman, a certified clinical psychologist, to make an investigation and evaluate the child and the parties on the question of custody. After an extensive investigation into the respective homes of the parties, their relationship with the child, and a consideration of all of the depositions taken on the custody issue, the psychologist recommended that the best interests of the child would be served by the mother’s retaining custody. Further evidence was adduced to the effect that the mother was “into drugs,” as they say, entertained various men in the home, had a number of auto accidents, and several hospitalizations, indicating emotional instability. Further evidence reflected that the father had been married four times, three since the subject marriage, failed to support the child causing hardship for the mother who had little education and no training. At the time of the hearing the father was not working. The psychologist considered all of the allegations, charges, and countercharges of the parties and reported that he felt the charges against the mother were exaggerated. Thus, based upon that report and other evidence adduced before the master, he recommended to the court that custody be awarded to the mother. The trial court heard objections filed by the father, confirmed the report, and awarded custody to the mother. Later, the trial court heard a petition for rehearing and denied it.
Perhaps the best place for this child would be with some third party or an appropriate agency; however, that question is not before us. We must decide whether this record contains adequate support for the order under consideration. That order, which is essentially the master’s report, comes to us with all of the weight and deference to be accorded a jury verdict based upon controverted facts, with the approval of a veteran circuit judge after a hearing on objections and after denial of a petition for rehearing following argument on that petition. Under these circum *1107 stances, resorting to the vernacular, there’s no way we could justify overturning that order unless, of course, we arrogate unto ourselves some special powers of divining the truth. Therefore, honoring the rules of appellate review as we must, we affirm the order appealed from.
Our decision, of course, is based entirely upon the record presented below. Should the circumstances of the parties change, the trial court is available to consider such modification or changes as are called for by the best interests of the child.
AFFIRMED.
HERSEY, J., concurs.
LETTS, J., concurs specially with opinion.