446 So.2d 237 (1984)
Lucia GONZALEZ, Appellant,
v.
Erwin GONZALEZ, Appellee.
Nos. 83-2002, 83-2435.
District Court of Appeal of Florida, Third District.
March 6, 1984.
*238 George T. Ramani and Michael A. Vandetty, Miami, for appellant.
Markus, Winter & Feldman and Stuart Markus and Sheldon I. Pivnik, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
By interlocutory appeal, the wife challenges: (1) an order entered August 2, 1983 denying her temporary alimony and restricting her use of her residence; and (2) an order entered October 12, 1983 which terminated the wife's right to custody, support and housing.
The parties were married in 1972 and had three children. In 1982, Lucia filed her petition for dissolution of marriage. On April 3, 1983, she filed a motion for temporary alimony, attorneys' fees and child support. A hearing on this motion was held before a general master. The master's report recommended that the wife be granted interim child support and partial attorneys' fees, but denied temporary alimony finding:
that the parties have been separated since August 1981; that the wife had existed without alimony since that time; that the wife admittedly is pregnant by a man not her husband; and that there is a question as to the wife's assets and her need for temporary alimony.
The trial court ratified the report subject to the parties' exceptions.[1] The wife filed objections urging that she was entitled to temporary alimony and a more substantial award of child support and attorneys' fees. The objections were overruled in an order entered by the trial court on August 2, 1983. In addition to providing that the wife's exceptions would be denied, the order stated that should the wife have any overnight guests at her residence, she would be required to vacate the residence, relinquish custody of the one child residing with her and be held in contempt. The wife filed a notice of appeal from this nonfinal order on August 19, 1983. We find that several portions of this order were erroneous and must be reversed.
The wife first argues that she should have been granted temporary alimony. In determining whether and to what extent an award of temporary alimony is proper, the court must be governed by the needs of the party as fixed by the parties' standard of living and the ability to pay. Belcher v. Belcher, 271 So.2d 7 (Fla. 1972); Vickers v. Vickers, 413 So.2d 788 (Fla. 3d DCA 1982). The order under review was not based upon the requisite consideration, but rather was improperly based on the wife's adultery after the parties' separation. See Smith v. Smith, 378 So.2d 11 (Fla. 3d DCA), cert. denied, 388 So.2d 1118 (Fla. 1980); Williamson v. Williamson, 367 So.2d 1016 (Fla. 1979). As to the issue *239 which the court was required to address, the master's report stated: "[T]here is a question as to the wife's assets and her need for temporary alimony." Having been unable to determine the truthfulness of the wife's assertions on the record before him, the master should have taken additional testimony to resolve the issue. Because the master's findings were incomplete, the trial judge improperly denied temporary alimony and the case must be remanded for further proceedings.[2]
The wife also challenges the provisions of the August 2nd order which relates to visitors. On this issue, the court stated:
That if the Wife has anybody in her house sleeping there anytime, beginning with today or thereafter, two things will happen very quickly. One is that the third child, the only one living with the Wife, which is the daughter, will immediately start living with the Husband, and that the apartment, the Husband can do with what he wants, for if the boyfriend is there tonight or any other night thereafter, I'm going to order that the Wife vacate. If she does not vacate that, the Husband will have the assistance of the Dade County Sheriff to put her out and the Husband will get the property. She will not live there if one night she has somebody sleeping there or if she rents it out to a stranger, or the boyfriend is living with her. If she uses the apartment for anybody more than just to come in and out for a few minutes and visit, such as if she entertains anyone there, another man, and cooks him a meal or meals, or has any type of sexual relations with him in that apartment the Husband is providing, she will be in direct contempt of court for this order shall take effect at 10:30 A.M., August 1, 1981.
That the court orders that if the Wife is supporting someone either by food, feeding people meals or if she is having someone sleep there or engaging in any type of sexual relationships, whether the child is in the house or not, the court will have a hearing and the Wife will have to show why she is not to be held in contempt. If she wants to eat with this person she eats some place else. The court finds that he is not regulating her morals, the court finds that the court is regulating what can be done on the Husband's expenses.
While the trial court may make appropriate orders regarding the care, custody and maintenance of a child, § 61.13, Fla. Stat. (1981); see generally, Whiteley v. Whiteley, 329 So.2d 352 (Fla. 4th DCA 1976), the imposition of conditions in this case was violative of the wife's due process rights. The hearing which resulted in the trial court's order was conducted to resolve the wife's exceptions to the master's report. Neither the master's report nor the wife's exceptions addressed the conditions of custody. It is apodictic that the trial court may not hear and determine matters which were not the subject of appropriate notice and pleadings. Barreiro v. Barreiro, 377 So.2d 999 (Fla. 3d DCA 1979).
Additionally, we find that the conditions imposed were overbroad and without any basis in the record. No evidence was taken before either the master or the trial court as to the best interest of the child and whether the allowance of visitors would have a deleterious effect on the minor. For these reasons, the conditions imposed by the paragraphs quoted above must be vacated.
The October 1, 1983 order which is the subject of the second appeal is readily disposed of. It states in part:
The Court is entering this order upon making specific findings that the Petitioner/Wife has willfully and completely ignored this Court's instructions regarding allowing her boyfriend to sleep in the same apartment as is being occupied by her and her child. The Court makes its findings based upon hearings *240 before the Court, evidence received before the General Master, and the stipulations of counsel.
Because we have vacated that portion of the August 2nd order which imposed restrictions upon the wife's allowance of visitors, the trial court's order enforcing[3] the earlier erroneous ruling must also be reversed.
Reversed and remanded for further proceedings not inconsistent with this decision.
NOTES
[1] Confirmation of the master's report prior to the parties' having an opportunity to file exceptions is contrary to both the spirit and purpose of Florida Rule of Civil Procedure 1.490(h). If no timely exceptions are filed and served by either party, then the report may be confirmed ex parte. If exceptions are filed, the master's report is settled after notice and hearing.
[2] Of course, the trial court need not consider the wife's request for temporary alimony to the extent that her needs have become enhanced by reason of her pregnancy. Both common sense and equity dictate that a husband not be so burdened by the wife's misdeed.
[3] To the extent that this order may be construed as modifying the August ruling which was on appeal, the trial court was without jurisdiction to proceed; see State ex rel. Schwartz v. Lantz, 440 So.2d 446 (Fla. 3d DCA 1981); Waltham A. Condominium Ass'n v. Village Management, Inc., 330 So.2d 227 (Fla. 4th DCA 1976).