448 So.2d 1176 (1984)
Leonard WOOLFSON, Appellant,
v.
Alynn ROSE, Appellee.
No. 83-1927.
District Court of Appeal of Florida, Third District.
April 17, 1984.
*1177 Abrams & Abrams and Brenda M. Abrams, Miami, for appellant.
Hyman & Kaplan and Michael L. Hyman, Miami, for appellee.
Before SCHWARTZ, C.J., DANIEL S. PEARSON, J., and M. IGNATIUS LESTER, Associate Judge.
DANIEL S. PEARSON, Judge.
The sole point on this appeal which merits discussion is the former husband's contention that where the trial court had referred the former wife's petition for increased child support, including a related request for attorneys' fees and costs, to a general master whose report to the court addressed the issue of child support only, and where the wife's exceptions to the report did not allege as error the failure of the master to consider or reserve jurisdiction to consider the wife's request for fees and costs, the trial court, in ruling favorably on the wife's exceptions, was not empowered to reserve jurisdiction to make a later award of attorneys' fees and costs to the wife.
Assuming, arguendo, that the master's silence on the issue of attorneys' fees and costs could be considered to be a ruling thereon, it is clear that the wife's failure to file an exception to this "ruling" does not preclude the trial court from according the wife such relief as the trial court deems appropriate. Slatcoff v. Dezen, 74 So.2d 59, 60 (Fla. 1954) ("[E]ven in the absence of exceptions to the special master's report it is `the duty of the court to examine and carefully consider the evidence and determine whether under the law and the facts the court is justified in entering the decree recommended by the Master.'") (quoting Lyon v. Lyon, 54 So.2d 679, 680 (Fla. 1951)); McMullen v. McMullen, 68 So.2d 179 (Fla. *1178 1953) (reversing because of insufficient evidence the court's entry of final decree of divorce, notwithstanding lack of exceptions to master's report recommending entry of decree); Bell v. Bell, 307 So.2d 911 (Fla. 3d DCA 1975). See also Ben-Hain v. Tacher, 418 So.2d 1107 (Fla. 3d DCA 1982). Florida's rules and statutes providing for the filing of exceptions to the master's report, however worded, have never been construed "to mean that, in the absence of exceptions, the entry of a final decree by the court in accordance with the findings and recommendations of the Master becomes a mere formality." Lyon v. Lyon, 54 So.2d at 680.[1]
Moreover, despite appellant's suggestion to the contrary, this is not a case where the trial court's reservation of jurisdiction to award attorneys' fees usurped the master's fact-finding role or failed to pay due deference to facts found by the master. The master did not find that the wife was disentitled to attorneys' fees and costs; indeed, he found nothing on this issue. Nor did the trial court's order determine a matter which was not the subject of appropriate notice and pleadings so that it could be said to have denied the appellant due process, cf. Gonzalez v. Gonzalez, 446 So.2d 237 (Fla. 3d DCA 1984); Barreiro v. Barreiro, 377 So.2d 999 (Fla. 3d DCA 1979); instead, the trial court merely reserved jurisdiction to determine in the future, presumably upon appropriate notice and after adequate hearing, the wife's entitlement vel non to fees and costs. Finally, this is not a case where the trial court can be said to have lost jurisdiction to award attorneys' fees and costs because of its failure to reserve or retain such jurisdiction. Cf. Maney v. Maney, 413 So.2d 131 (Fla. 1st DCA 1982); Berlin v. Berlin, 395 So.2d 1260 (Fla. 3d DCA), rev. denied, 402 So.2d 607 (Fla. 1981); Oyer v. Boyer, 383 So.2d 717 (Fla. 4th DCA 1980); Frumkes v. Frumkes, 328 So.2d 34 (Fla. 3d DCA 1976). It was the master who did not reserve jurisdiction, and his failure to do so, preceding as it did the entry of a final judgment, is inconsequential.
Affirmed.
NOTES
[1] Indeed, the rule and statute in existence when Lyon was decided provided that "[i]f no exceptions are filed within the said period [ten days] by either party, the report shall be confirmed by order of the court or in or by the final decree." Lyon v. Lyon, 54 So.2d at 680 (emphasis supplied). A less stringent rule which provided that in the absence of exceptions "the court shall take such action on the report as may be appropriate" was adopted in 1954. Slatcoff v. Dezen, 74 So.2d at 60. The rule controlling the case at bar, similar to its 1954 predecessor, provides that "[i]f no exceptions are filed within the period [ten days], the court shall take appropriate action on the report." Fla.R.Civ.P. 1.490(h).