PER CURIAM.
The final judgment in this dissolution action required the husband to “pay one-half of the wife’s reasonable attorneys fees and costs” and reserved jurisdiction “to determine the amount ... at a subsequent hearing.” Notwithstanding the above, the court, at a later hearing, decided it had not retained jurisdiction to determine the amount. We disagree and reverse.
The confusion arises because of a third order which intervened between the final judgment and the order in which the court decided it had not retained jurisdiction. The intervening order awarded permanent alimony but did not specifically retain jurisdiction to award fees.
We find this intervening order to be of no significance. The final judgment reserved jurisdiction to consider permanent alimony and attorney’s fees and it remained in effect until the resolution of both of those matters. Moreover, the initial petition for divorce requested attorney’s fees and the trial court did not have to specifically retain jurisdiction to award attorney’s fees in the interim order.
Although not directly on point, in Woolfson v. Rose, 448 So.2d 1176 (Fla. 3d DCA 1984), the trial court referred the wife’s petition for child support and attorney’s fees to a general master. When the master failed to rule on attorney’s fees, the appellate court held that the trial court did not lose its jurisdiction to do so:
Moreover, despite appellant’s suggestion to the contrary, this is not a case where the trial court’s reservation of jurisdiction to award attorneys’ fees usurped the master’s fact-finding role or failed to pay due deference to facts found by the master. The master did not find that the wife was disentitled to attorneys’ fees and costs; indeed, he found nothing on this issue. Nor did the trial court’s order determine a matter which was not the subject of appropriate notice and pleadings so that it could be said to have denied the appellant due process, cf. Gonzalez v. Gonzalez, 446 So.2d 237 (Fla. 3d DCA 1984); Barreiro v. Barreiro, 377 So.2d 999 (Fla. 3d DCA 1979); instead the trial court merely reserved *710 jurisdiction to determine in the future, presumably upon appropriate notice and after adequate hearing, the wife’s entitlement vel non to fees and costs. Finally, this is not a case where the trial court can be said to have lost jurisdiction to award attorneys’ fees and costs because of its failure to reserve or retain such jurisdiction. Cf. Maney v. Maney, 413 So.2d 131 (Fla. 1st DCA 1982); Berlin v. Berlin, 395 So.2d 1260 (Fla. 3d DCA), rev. denied, 402 So.2d 607 (Fla.1981); Oyer v. Boyer, 383 So.2d 717 (Fla. 4th DCA 1980); Frumkes v. Frumkes, 328 So.2d 34 (Fla. 3d DCA 1976). It was the master who did not reserve jurisdiction, and his failure to do so, preceding as it did the entry of a final judgment, is inconsequential.
REVERSED AND REMANDED with instructions to consider attorney’s fees for the main action.
DOWNEY, ANSTEAD and LETTS, JJ., concur.