505 So.2d 556 (1987)
Louis BRAGASSA, Appellant,
v.
Brenda BRAGASSA, Appellee.
No. 86-1713.
District Court of Appeal of Florida, Third District.
April 7, 1987.
Rehearing Denied May 12, 1987.
*557 Maro & Johnstone and James V. Johnstone, Coral Gables, for appellant.
Jeffrey C. Roth, Coral Gables, for appellee.
Before NESBITT, BASKIN and JORGENSON, JJ.
PER CURIAM.
Brenda and Louis Bragassa were divorced in 1984. Under the parties' settlement agreement, which was incorporated into the final judgment, the wife received primary custody of the parties' two minor children. The husband received extremely liberal visitation privileges. The agreement required Louis's written permission before Brenda could move the children out of the state. Approximately six weeks after the final judgment, Brenda moved with the two children to northern Florida. Louis then moved for a change in custody. The trial court referred the matter to a General Master who heard extensive testimony from thirteen witnesses, including both parties and a court-appointed psychologist. The master found that Louis had shown a substantial change of circumstances and also had shown that the best interests of the children would be served by granting custody to him. The trial court overruled the master's findings and sustained Brenda's exceptions to the master's report. We find that the trial court improperly substituted its judgment for that of the master and reverse.
A party seeking modification of a child custody arrangement has the burden of proving (1) that there has been a substantial and material change in circumstances since the dissolution of the marriage, and (2) that a change of custody would be in the best interests of the children. Perkins v. McKay, 460 So.2d 531, 532 (Fla. 2d DCA 1984); Adams v. Adams, 385 So.2d 688, 689 (Fla. 3d DCA 1980).
*558 From all the evidence adduced at the hearing, the master could find that there was a substantial change in circumstances. The master could properly consider the fact that the children went from a position of living in the same city with their father, who had been granted extremely liberal visitation privileges, to a position of living hundreds of miles away, with little opportunity for visitation. The fact that Brenda did not have to receive written permission from Louis before moving within the state does not mean that such a move could not constitute a substantial change of circumstances.
In finding that a change in custody would be in the best interests of the children, the master relied upon the testimony of a court-appointed psychologist, Dr. Elenewski. After examining the children, both alone and with each parent, Dr. Elenewski concluded that it would be in the best interests of the children for Louis to be primarily in charge of their care. Dr. Elenewski also testified that the children were more psychologically bonded to Louis than to Brenda. The master was within his authority in using the psychologist's testimony as his basis for finding that the change of custody would be in the best interests of the children.
Once a trial court decides to appoint a master to hear testimony and make findings of fact, it loses the prerogative of substituting its judgment for that of the master's. Matos v. Matos, 421 So.2d 180, 184 (Fla. 2d DCA 1982). The court is thereafter bound by the master's factual findings if they are supported by competent evidence. Dent v. Dent, 438 So.2d 903, 904 (Fla. 4th DCA 1983), rev. dismissed, 461 So.2d 114 (Fla. 1984). The master's findings cannot be overturned by the trial court unless the findings are clearly erroneous. Fodor v. Fodor, 379 So.2d 466, 468 (Fla. 4th DCA 1980).
The master's findings were supported by competent evidence and were not clearly erroneous. The trial court erred, therefore, in substituting its own judgment for that of the master's.
Reversed.