524 So.2d 479 (1988)
Doris N. GOLDMAN F/K/a Doris N. Smargon, Appellant,
v.
Samuel J. SMARGON, Appellee.
Nos. 87-1865, 87-1270.
District Court of Appeal of Florida, Third District.
May 3, 1988.
Beth Tyler Vogelsang, Miami, for appellant.
Brian R. Hersh, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
We find error in both of the post-dissolution orders submitted for review.
1. There is no basis for the trial judge's overruling the finding and recommendation of the general master that the husband continue to pay the amount of the second mortgage on the parties' home, as provided in the final judgment. The trial court itself, upon review of the master's *480 report, stated that this issue was a "very close" one. This conclusion alone shows that the master's determination was supported by competent evidence and was surely not "clearly erroneous," as is required to justify a departure from his decision. Bragassa v. Bragassa, 505 So.2d 556 (Fla. 3d DCA 1987); Reichman v. Reichman, 450 So.2d 1188 (Fla. 3d DCA), pet. for review denied, 459 So.2d 1041 (Fla. 1984); Matos v. Matos, 421 So.2d 180 (Fla. 2d DCA 1982).
2. The lower court also erred in failing to award the wife attorney's fees for the necessary defense of the husband's repetitive, unsuccessful attempts to modify or amend the terms of the final judgment. Quite apart from the disparity in income which favored the husband, we have consistently held that a party should be awarded fees required by the opponent's baseless attempts to alter an existing judgment to his advantage. Creel v. Creel, 423 So.2d 419 (Fla. 3d DCA 1982); Broudy v. Broudy, 423 So.2d 504 (Fla. 3d DCA 1982); Jaffee v. Jaffee, 394 So.2d 443 (Fla. 3d DCA 1981). After remand, the trial judge shall assess a reasonable fee accordingly.
Reversed.