528 So.2d 1354 (1988)
Jeffrey ELENEWSKI, Appellant,
v.
Roslyn ELENEWSKI, Appellee.
No. 87-2933.
District Court of Appeal of Florida, Third District.
August 9, 1988.
*1355 David Harris Singer, Miami, for appellant.
Edward J. Schack, Oakland Park, for appellee.
Before SCHWARTZ, C.J., and HUBBART, J., and JOE A. COWART, Jr., Associate Judge.
SCHWARTZ, Chief Judge.
Without consideration of the ex-husband's alleged inability to pay, the trial judge taxed against him all of the attorney's fees expended by his ex-wife in defense of his unsuccessful motion for modification of the child support payments provided in the final judgment of dissolution. The only basis of the award was the fact that the husband's motion had been found to be without merit and denied by the court. The ex-husband appeals and we vacate the order under review.
While it is certainly true that attorney's fees may be assessed on that ground against a party who baselessly brings an action for modification, and thus causes the unnecessaryexpenditure of fees by the other side, see Meloan v. Coverdale, 525 So.2d 935 (Fla. 3d DCA 1988); Goldman v. Smargon, 524 So.2d 479 (FLa. 3d DCA 1988); Jaffee v. Jaffee, 394 So.2d 443 (Fla. 3d DCA 1981), such an award is limited, as in the usual domestic situation, by that party's financial ability to respond. Meloan, 525 So.2d at 936-37. See generally Travieso v. Travieso, 447 So.2d 940 (Fla. 3d DCA 1984), aff'd in part, quashed in part, 474 So.2d 1184 (Fla. 1985); Bucci v. Bucci, 350 So.2d 786 (Fla. 3d DCA 1977). Since the ex-husband proffered a good faith "defense" that he was unable to pay, which was not considered below, we order a new hearing on the attorney's fee issue at which all relevant factors including the two identified in this opinion, may be explored. See Meloan, 525 So.2d at 937 ("On remand, we direct the trial court to take into account the aforementioned factors [including the lack of merit of the parties' respective positions] as well as Henry's superior financial position in determining an equitable award of Carol's attorney's fees.").
*1356 In cases such as Jaffee, 394 So.2d at 447, in which there is no question of the ability to pay of the spouse who has maintained an unwarranted claim for modification, the effect of the "baseless litigation" ground for awarding attorney's fees is to render inapplicable the principles that attorney's fees are not awardable when both parties are equally able to pay, Horton v. Horton, 433 So.2d 1386 (Fla. 5th DCA 1983); Poppe v. Poppe, 412 So.2d 38 (Fla. 3d DCA 1982); Bullard v. Bullard, 380 So.2d 1090 (Fla. 3d DCA 1980), and that inability of the spouse for whom fees are claimed is ordinarily a prerequisite of entitlement. See Child v. Child, 474 So.2d 299 (Fla. 3d DCA 1985), review denied, 484 So.2d 7 (Fla. 1986). As we read the prior cases, however, and as we specifically hold here, fees in domestic cases may not, even in these circumstances, exceed the miscreant's ability to pay.
Although it is not strictly necessary to reach the question, we note the appellee's concession that the amount of the fee was not determined below after an appropriate hearing or in an appropriate order. We thus direct that the proceedings after remand shall conform with the requirements of Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), and other pertinent authority.
Vacated and remanded.