WETHERINGTON, GERALD T., Associate Judge.
This consolidated appeal involves the trial court’s orders adopting the general master’s recommendations concerning the primary physical residence of the parties’ minor children, and the trial court’s award of attorney’s fees to the appellant wife. We affirm and hold that the trial judge did not abuse his discretion by adopting the general master’s findings and recommendations, and that the trial court’s award of attorney’s fees is not subject to reversal.
The relevant facts are as follows. On February 29,1984 the parties to this appeal signed a “property settlement agreement” providing that the “primary residence” of the parties’ two minor daughters (Megan born February 28, 1983 and Amanda born February 4, 1980) would be with the wife. The agreement, which contained language that the “Wife will relocate to another state,” was incorporated into a “Final Judgment for Dissolution of Marriage” entered by the trial court on April 5, 1984. The judgment confirmed that “the permanent residence of the children shall be with the [Wife]” and that the [Wife] may “in accordance with the property settlement agreement reside with the children outside the State of Florida.”
On May 10, 1985, the husband petitioned for “Change in Permanent Residence” of the minor children. The matter was heard by the general master in September of 1985. In her report of September 16, 1985, the master recommended that the primary residence of the parties’ minor children should be with the husband.
On October 10, 1985, the trial judge initially ratified and approved the master’s report of September 16, 1985, subject to hearing on wife’s exceptions. In December of 1985, while her exceptions were still pending, wife filed a new petition seeking to modify the master’s recommendations of September 16, 1985.
It was not until April 11, 1986, that the trial judge entered final judgment denying the wife’s exceptions and adopting the master’s recommendations of September 16, 1985 (but not passing upon wife’s petition for modification). Wife’s first notice of appeal was addressed to the final judgment. After this first notice of appeal was filed, wife moved for this appellate court to relinquish jurisdiction to the trial court for disposition of her petition for modification. This motion to relinquish jurisdiction was granted.
Wife’s December, 1985 petition for modification was heard by the general master in April of 1986 and extensive testimony was taken. While certain facts were brought to light in the April, 1986 hearing which were not presented at the September, 1985 hearing, the master nonetheless recommended in her second report (of July 14, 1986) that the primary physical residence of the children should remain with the husband.[1] The master’s recommendations of July, 1986 were adopted in pertinent part by the trial court in its order of January 16, 1987. Wife also appealed from that order.
The master’s recommendations to the trial court were based on findings that the parties had, in essence, through their actions and written communications, reversed the terms and conditions of the property settlement agreement concerning the permanent residence of the minor children, because of the wife’s instability and indecision regarding the children’s primary residence. Also, the master found that the welfare of the children would be best served and promoted by placing their pri *859 mary residence with the husband, whom the master found could provide a more stable home environment.
We hold that the master’s findings that there had occurred a substantial material change in circumstances subsequent to the dissolution, and that the children’s welfare would be promoted by placing the primary physical residence with the husband, are amply supported by competent, substantial evidence. See Crippen v. Crip-pen, 508 So.2d 1339 (Fla. 4th DCA 1987); Zediker v. Zediker, 444 So.2d 1034 (Fla. 1st DCA 1984). Since the master’s findings are supported by competent evidence and are not clearly erroneous, the trial court’s orders adopting the master’s recommendations concerning the primary physical residence of the parties’ minor children must be affirmed. Goldman v. Smargon, 524 So.2d 479 (Fla. 3d DCA 1988); Bragassa v. Bragassa, 505 So.2d 556 (Fla. 3d DCA 1987).
We likewise affirm on the issue of attorney’s fees. The record fully supports the master’s findings that the wife should be awarded a portion of her attorney’s fees. During the pendency of this appeal, however, the wife accepted a portion of the attorney’s fees awarded to her under the trial court’s judgment. Since she has voluntarily accepted the benefits of the judgment as to attorney’s fees, she is estopped to seek a reversal of this part of the judgment. Green v. First American Bank and Trust Co., 511 So.2d 569, 572 (Fla. 4th DCA 1987).
AFFIRMED.
DOWNEY and GLICKSTEIN, JJ., concur.

. The master imposed certain restrictions on the husband's behavior concerning his travel and his relations with the nanny, Delores.