BASKIN, Judge.
Paul Richmond, Trustee, appeals an adverse final judgment in favor of State Title & Guaranty Co., Inc., and Georgina Esteva, an officer and co-owner of State Title, entered in an action to recover damages for alleged misdisbursement of loan proceeds. We affirm.
This case involves the failure of complex financial plans for developing a residential condominium project; only a few of the facts are pertinent to this appeal. Richmond entered into a loan agreement with Kramer Homes, Inc.[1] State Title and Es-teva acted as closing or disbursing agents. Before the closing, Richmond’s agent specifically instructed Esteva and State Title *1242 to disburse the loan proceeds as follows: “$350,000 to W.C. Investments, Inc. for the purpose of acquisition by Larry C. Griggs of one hundred percent (100%) ownership of all of the stock of Kramer Homes, Inc.,_” Esteva drew checks for $272,-182.99 to W.C. Investments, Inc., and for $170,365.76[2] to Central Bank of North Dade to obtain the stock. She disbursed the funds to Central Bank because it held Kramer Homes stock which W.C. Investments, Inc., had pledged. Subsequently, Richmond filed an action against State Title and Esteva alleging that they wrongfully disbursed the funds. The trial court referred the matter to a special master who issued findings of fact and conclusions of law. The special master’s pertinent finding stated:
Instead of following this instruction [pertaining to the $350,000.00] Ms. Esteva and State Title only distributed $272,-182.99 to W.C. Investments, Inc., and distributed the balance of the $350,000.00 to other creditors of Kramer Homes and/or Griggs_ $77,817.01 was im-
properly disbursed on August 4, 1981. Based upon that finding the special master concluded that Richmond was entitled to a judgment for $77,817.01.
Upon appellee’s motion for rehearing following entry of the final judgment adopting the special master’s final report, the court vacated the judgment and entered judgment in favor of State Title and Es-teva. The court stated that the master’s finding concerning disbursement was contrary to the evidence and that:
... the balance of the $350,000 which was earmarked for the purpose and (sic) was disbursed to an entity which stood in the position of W.C. Investments, Inc., with regard to the stock.
Additionally, [Richmond] suffered no damage in the manner in which the $350,-000.00 was disbursed; it obtained 100% of the stock of Kramer Homes, Inc.
Richmond contends the trial court abused its discretion in granting the motion for rehearing and failing to enter judgment in accordance with the special master’s conclusion that Richmond was entitled to judgment against Esteva and State Title. We disagree for several reasons. First, we find that the record demonstrates the correctness of the trial court’s refusal to adopt the master’s determination that Richmond was entitled to recover $77,817.01—the balance of the $350,000; that determination was not supported by competent evidence and was clearly erroneous. See Frank v. Frank, 75 So.2d 282 (Fla.1954); Goldman v. Smargon, 524 So.2d 479 (Fla. 3d DCA 1988); Linn v. Linn, 523 So.2d 642 (Fla. 4th DCA), review denied, 534 So.2d 400 (FIa.1988); Bragassa v. Bragassa, 505 So.2d 556 (Fla. 3d DCA 1987); Ben-Hain v. Tacher, 418 So.2d 1107 (Fla. 3d DCA 1982). The record does not contain evidence demonstrating that Esteva “distributed the balance of the $350,000.00 to other creditors of Kramer Homes and/or Griggs.” Contrary to the special master’s finding, the balance of the $350,000 was distributed to Central Bank, which held the pledged stocks.
Second, we agree with the trial court that Richmond did not demonstrate that he was damaged by the disbursement. Although the $350,000 was not disbursed to W.C. Investments, Inc., in accordance with the directions, the disbursement fulfilled the ultimate purpose of the instructions: acquisition of the ownership of all of the stock of Kramer Homes, Inc.
Finally, we hold that the trial court had broad discretion to grant rehearing and reconsider its decision in order to correct any errors. See Francisco v. Victoria Marine Shipping, Inc., 486 So.2d 1386, 1389 (Fla. 3d DCA), review denied, 494 So.2d 1153 (Fla.1986) (“The purpose of a motion for rehearing is to give the trial court an opportunity to consider matters which it overlooked or failed to consider, and to correct any error if it becomes convinced it has erred.”).
Affirmed.
FERGUSON, J., concurs.

. Larry C. Griggs, president of Kramer Homes, Inc., guaranteed the loan.

. The $170,365.76 check consisted of the balance of the $350,000 after the $272,182.99 payment to W.C. Investments, Inc., and an unrestricted disbursement from the loan proceeds.