565 So.2d 366 (1990)
Michael A. STEINFELD, Appellant,
v.
Marcia L. STEINFELD, Appellee.
No. 89-0766.
District Court of Appeal of Florida, Fourth District.
August 1, 1990.
Rehearing Denied September 6, 1990.
Peter J. Snyder, Boca Raton, for appellant.
W. Edward McIntyre of Esler & Kirschbaum, P.A., Fort Lauderdale, for appellee.
DELL, Judge.
Michael Steinfeld appeals from a final order awarding appellee post judgment attorney's fees and costs. Appellant contends that the trial court erred in awarding appellee attorney's fees because it lacked jurisdiction to award post judgment attorney's fees; appellee failed to show entitlement to an award of attorney's fees; and, under the terms of a marital settlement agreement incorporated into the final judgment, appellee waived her right to tax attorney's fees. We affirm.
During the twelve months following the final judgment of dissolution, appellant *367 filed numerous unsuccessful motions relating to visitation and other matters concerning the minor children's activities. Each motion alleged a separate incident where appellee refused him contact with the children. Appellee admitted that she had interfered with visitation, but justified her interference based upon appellant's chronic alcohol and drug-abuse and his irrational, violent behavior in the presence of the children. Appellant nevertheless persisted in filing motions to enforce what he maintained were his rights under the parties' settlement agreement. After the trial court denied appellant's sixth motion to enforce visitation, appellee moved for attorney's fees. The motion alleged in part:
The former husband is using the judicial system as a weapon against the former wife. His repeated filing of frivolous motions has resulted in the wife expending significant amounts of money for unnecessary attorney's fees and costs, all as a result of the husband's vendetta.
We find record support for appellee's contention that appellant's repeated motions lacked merit and, notably, appellant did not challenge any of the trial court's orders denying those motions.
Appellant has failed to demonstrate reversible error in his three points on appeal. First, we hold that the reservation of jurisdiction contained in the final judgment of dissolution of marriage was sufficient to establish the trial court's jurisdiction to enter its post-judgment order awarding appellee's attorney's fees. See Gaudiosi v. Gaudiosi, 476 So.2d 709 (Fla. 4th DCA 1985).
Appellant next contends that appellee is not entitled to attorney's fees, because she did not file an affidavit to support financial need. Appellee responds that she did not file a financial affidavit because financial need did not furnish the basis for her claim for attorney's fees. Rather, she claimed entitlement to fees based upon the assertion that
[Appellant] has engaged in a course of attempting to plunder the former wife into economic oblivion by repeatedly filing frivolous, nonmeritorious, baseless motions and actions... .
[and that]
[w]hen such conduct occurs, the courts of this state have recognized that the victimized spouse is entitled to attorney's fees, regardless of economic status.
We find Elenewski v. Elenewski, 528 So.2d 1354 (Fla. 3d DCA 1988), instructive on this point. In Elenewski, the court opined:
In cases such as Jaffee, 394 So.2d at 447, in which there is no question of the ability to pay of the spouse who has maintained an unwarranted claim for modification, the effect of the "baseless litigation" ground for awarding attorney's fees is to render inapplicable the principles that attorney's fees are not awardable when both parties are equally able to pay [citations omitted], and that inability of the spouse for whom fees are claimed is ordinarily a prerequisite of entitlement.
Id. at 1356 (Citations omitted). We hold that the trial court did not err in awarding appellee post-judgment attorney's fees, notwithstanding appellee's failure to file a financial affidavit. Elenewski; See also Jaffee v. Jaffee, 394 So.2d 443 (Fla. 3d DCA 1981).
Finally, we find no merit in appellant's argument that appellee waived her right, under the terms of the marital settlement agreement, to claim attorney's fees. In our view, the terms of the marital settlement agreement did not contemplate a waiver of attorney's fees for the defense of baseless and nonmeritorious proceedings. We hold, under the facts of this case, that the trial court properly awarded appellee attorney's fees based on equitable considerations. See Planes v. Planes, 477 So.2d 42 (Fla. 3d DCA 1985).
Accordingly, we affirm the trial court's award of post-judgment attorney's fees, expert witness fees and costs to appellee.
AFFIRMED.
GLICKSTEIN, J., and SALMON, MICHAEL H., Associate Judge, concur.