## IN RE: MARRIAGE OF CASH
### Case No. 84-24859 FC 25
Eleventh Judicial Circuit, Dade County
January 18, 1991

### APPEARANCES OF COUNSEL

**Ameli Padron-Fragetta, Esquire,** for petitioner father.
**Andrew H. Boros, Esquire,** for respondent mother.

### OPINION OF THE COURT

PHILIP BLOOM, Circuit Judge.

*ORDER DENYING EXCEPTIONS TO THE FINAL REPORT, FINDINGS AND RECOMMENDATIONS OF THE GENERAL MASTER DATED OCTOBER 22,1990 (EXCEPT AS TO PARENTAL RESPONSIBILITY)*

This case goes to the heart of our presently existing system of post judgment proceedings in matter of child custody and visitation. This matter is before the Court on exceptions to the General Master's Report which in essence found a change of circumstance and the

welfare of the child sufficient to change custody from the Mother to the Father.

A divorce was granted in 1984, with agreed custody of a 6 year old boy in Mother. Thereafter, Father did not have regular visitation and did not make meager support payments on a timely basis. Several years later, Mother sought support payments. Father, after remarriage, in separate proceedings sought change of custody.

The custody matter was referred to the General Master (Mitchell M. Goldman) on Father's request for modification of custody from Mother to him. Both sides participated in the proceedings before the General Master and each side presented his or her evidence with respect to the matter of modification of child custody. This Court carefully reviewed the many transcripts of the proceedings before the Master and held several hearings with respect to this matter. The Court will not review the evidence before the General Master, except to relate that the Court is not permitted to substitute its judgment for that of the General Master where, as here, there is substantial evidence to support the Master's decision as to a change of custody.

The General Master was deliberate, thoughtful and encompassing in his hearing(s) and gave the parties full license to explore and present evidence on every aspect of this matter. While this Court may initially have had some question as to the propriety of a change of custody, nevertheless at the conclusion of the hearing(s) before the Court on the Exceptions to the Report of General Master, each concern was dealt with in a manner to the satisfaction of this Court (except as to sole parental responsibility). The Master's Findings were supported by competent evidence and were not clearly erroneous. See Final Report, Findings and Recommendations of the General Master dated October 22, 1990, attached hereto.

The role of this Court is mandated in *Bragassa v Bragassa,* 505 So.2d 556 (3DCA 1987):

"Once a trial court decides to appoint a master to hear testimony and make findings of fact, it loses the prerogative of substituting its judgment for that of the master's (sic). . .The court is thereafter bound by the master's factual findings if they are supported by competent evidence. . .The master's findings cannot be overturned by the trial court unless the findings are clearly erroneous."

This Court reviewed the cases cited by Mother in support of her position that the evidence does not support the findings of the Master. None of the cases cited had the extensive hearings present here before the Master. Each case cited by the Mother related to a single area of

162

inquiry which each respective appellate court noted to be insufficient by itself for modification. See *Zediker v Zediker,* 444 SO.2d 1034 (4DCA 1984). Here, the Master found at least eleven (11) areas of concern when taken together constitute a material and substantial change in circumstances and a change of custodial parent for the best interest of the child.

The cases cited by the Father are more analogous to the case at bar, and require adherence by this Court, namely: *Spradley v Spradley,* 335 So.2d 822 (Fla. 1976); *Bragassa* (3DCA) *supra; Stewart v Stewart,* 261 So.2d 864 (3DCA 1972); *Vena v Vena,* 556 So.2d 436 (5DCA 1990); *McIntyre v McIntyre,* 452 So.2d 14 (1DCA 1984); *Hearon II v Hearon,* 446 So.2d 1105 (4DCA 1984); and *Tessler v Tessler,* 539 So.2d 522 (4DCA 1989).

With respect to the Master's recommendation that sole parental responsibility be awarded to the Father, there is a lack of evidence to support that finding, and it is overruled.

The Master in reviewing the evidence relied on Dr. Feldman's testimony that there was "no problem with any of the parents, there was no fault on either party as to their fitness. . ." Such evidence in this Court's opinion should not preclude the Wife from exercising parental responsibility.

Accordingly, it is hereby ORDERED AND ADJUDGED:

1. That the exceptions of the Mother to the Final Report, Findings and Recommendations of the General Master be and are hereby denied except as otherwise determined herein, and that said Final Report dated October 22, 1990 is hereby ratified and approved.

2. That the parties are hereby directed to abide by the Final Report, Recommendations and Findings of the General Master except as modified herein, as this Court's Order.

3. That the transfer of physical and residential custody of Jason Adam Cash shall be transferred to the Father, Ernest A. Cash, which shall be effectuated in an orderly and proper manner no later than February 1, 1991.

4. That the Mother and Father shall have shared parental responsibility with respect to their son. In view of the evidence before the Master, the Mother is cautioned to conduct herself toward an amicable solution to any problems that may arise with respect to raising their child. Bickering and friction are not acceptable on the part of either parent.

5. That child support payments heretofore due from Ernest A. Cash

in this matter shall terminate within a reasonable time after a change of physical custody, so that those *bona fide* expenses incurred for the child are paid. This provision is not a license to incur additional expenditures.

6. That the mother, Kathleen Cash-Johnson shall have liberal visitation with their child, Jason Adam Cash. Such visitation, at a minimum, shall include one afternoon during the week and two (2) nights every other weekend.

7. All prior orders not inconsistent herewith and not superseded hereby are reaffirmed.

8. The parties are hereby ordered and directed to cooperate with each other in conducing themselves toward the welfare of their child.

DONE AND ORDERED in Chambers at Miami, Dade County, Florida, this 18th day of January, 1991.