578 So.2d 519 (1991)
Frank G. CIBULA, Jr., Appellant/Cross Appellee,
v.
June C. CIBULA, Appellee/Cross Appellant.
No. 89-3085.
District Court of Appeal of Florida, Fourth District.
May 1, 1991.
*520 Frank G. Cibula, Jr., of Law Offices of Frank G. Cibula, Jr., West Palm Beach, for appellant/cross appellee.
Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., West Palm Beach, for appellee/cross appellant.
En Banc.
DOWNEY, Judge.
Appellant, Frank G. Cibula (husband), appeals from an order of the trial court dated November 22, 1989, based upon a motion filed by appellee, June C. Cibula (wife), for an allowance of attorney's fees for various post final judgment proceedings.
It appears that, between the entry of the final judgment in July 1988 and the filing of the subject motion for attorney's fees, there had been several contempt proceedings instituted by the wife for the husband's noncompliance with the final judgment and a modification proceeding filed in June 1989. All of said proceedings had been concluded without any provision regarding attorney's fees, except the modification proceeding in which the order entered thereon specifically reserved jurisdiction to determine entitlement to fees upon motion and notice. Thus, after the September 8, 1989, order denying modification and reserving jurisdiction on the question of attorney's fees, the wife filed a motion for attorney's fees "in connection with all fees incurred subsequent to entry of the Final Judgment other than fees incurred in connection with appellate proceedings." That motion gave rise to the present order on appeal in which the court held that it did not have jurisdiction to award attorney's fees and costs for any post final judgment matters other than those involving modification. The order awarded the wife attorney's fees and suit money in the amount of $19,406.20 for her attorney's services in the modification proceeding only.
The husband contends on this appeal that the trial court erred in finding that his petition for modification was not meritorious and erred in awarding the wife attorney's fees for said proceeding. The wife cross appealed the refusal to award her attorney's fees for the other various proceedings to enforce the judgment.
We have carefully considered the arguments of counsel and the record pertaining to these proceedings and find no error demonstrated in regard to any of the points presented. However, we choose to comment upon the question presented in the cross appeal.
The final judgment entered herein contained a provision which stated "this *521 court specifically reserves jurisdiction of this entire matter to enter such further orders as may be equitable, appropriate and just." The wife's reliance upon that provision, however, as jurisdiction to award attorney's fees for future post judgment proceedings is not well taken. Reservation of jurisdiction in a final judgment of dissolution is to determine entitlement and the amount of fees to be paid to counsel for services rendered in the past during the pendency of the dissolution proceeding  not for attorney's fees incurred in potential future proceedings such as modification or enforcement proceedings. McCallum v. McCallum, 364 So.2d 97 (Fla. 4th DCA 1978). Those future proceedings stand on their own footing. Jurisdiction of the trial court to consider enforcement and modification proceedings finds its source in section 61.14 and section 61.16 of the Florida Statutes. When such a proceeding is instituted a party may plead and prove entitlement to attorney's fees[1] (assuming that party is entitled thereto because of a need and the ability of the other to pay), but must do so while the court has jurisdiction over the matter brought about by the petition for enforcement or modification authorized by the statute. If the matter is concluded by an order that makes no allowance for attorney's fees nor reserves jurisdiction to do so, they cannot be sought or granted after the trial court loses jurisdiction acquired via the petition for enforcement or modification.
In that our recent case of Steinfeld v. Steinfeld, 565 So.2d 366 (Fla. 4th DCA 1990), conflicts with the foregoing, we recede therefrom only to the extent that it stands for the proposition that a reservation of jurisdiction in a final judgment of dissolution can support jurisdiction of the court to award attorney's fees for future proceedings instituted to enforce or modify the final judgment. We point out further that Gaudiosi v. Gaudiosi, 476 So.2d 709 (Fla. 4th DCA 1985), cited in the Steinfeld opinion for the foregoing proposition, does not support it. The final judgment in Gaudiosi specifically reserved jurisdiction to award attorney's fees incurred in the original dissolution proceeding, which is appropriate.
In the present case there was no provision for attorney's fees in the orders entered on the enforcement motions and no reservation of jurisdiction to make such an award after entering the said orders. Thus, the movant for fees in those proceedings missed his or her opportunity to obtain such an award if otherwise entitled thereto. We reiterate that the source of jurisdiction to make an award of fees for services in the post judgment proceedings begins and ends with that proceeding and must be determined and allowed in the order concluding that proceeding or a specific reservation of jurisdiction to do so later must be contained in the order.
Accordingly, we affirm the order of the trial court dated November 22, 1989, in all respects.
HERSEY, C.J., and GLICKSTEIN, GUNTHER, STONE, WARNER, POLEN and GARRETT, JJ., concur.
ANSTEAD, J., dissents with opinion.
LETTS, DELL and FARMER, JJ., concur with dissent.
ANSTEAD, Judge, dissenting.
Section 61.16, Florida Statutes (1989), provides:
The Court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the costs to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings.
I think the legislature meant what it said when it used the broad phrase "may from time to time," in authorizing trial judges to award fees in dissolution proceedings, including enforcement actions. It seems unnecessary, and impractical, to require a reservation of jurisdiction in an enforcement order. When a court retains jurisdiction to enforce its judgment and thereafter enters *522 an order of enforcement, I would hold that the court also has the continuing jurisdiction to award fees incidental thereto, so long as the request for fees is made within a reasonable time of the order of enforcement.
NOTES
[1] Stockman v. Downs, 573 So.2d 835 (Fla. 1991).