PER CURIAM.
Jeffrey Eisner, the former husband, appeals an order approving the general master’s report. Cynthia Markovich, the former wife, appeals an order denying attorney’s fees.
We affirm the trial court’s order approving the general master’s report. The general master found that the former wife, who has primary residential custody of the children, should be permitted to move to California with the children and that the former husband’s visitation rights should be modified. The general master applied the test set forth in Hill v. Hill, 548 So.2d 705 (Fla. 3d DCA 1989), review denied, 560 So.2d 233 (Fla.1990), and recommended modification of the final judgment. See Sherman v. Sherman, 558 So.2d 149 (Fla. 3d DCA 1990); Matilla v. Matilla, 474 So.2d 306 (Fla. 3d DCA 1985). The general master found that the former wife’s remarriage and move to California will enable the children to live in a family setting; that the former wife’s motives are not vindictive; that she will comply with the former husband’s visitation rights; that the children’s bond with their father will remain strong under the substitute visitation arrangements; and that the former husband is able to pay the transportation costs. Because the master’s findings are supported by competent substantial evidence, the trial court correctly overruled the former husband’s exceptions and approved the general master’s report. Bragassa v. Bragassa, 505 So.2d 556 (Fla. 3d DCA 1987).
We reverse the order denying the former wife attorney’s fees. The referral to the general master included the former wife’s request for attorney’s fees, and the general master found that she was entitled to an attorney’s fee award. However, the trial court ignored the general master’s finding[1] and did not award fees because the former wife had initiated the modification proceeding. The order denying fees states that the court agrees with the former husband’s contention “that the Former Wife should bear her own attorney’s fee because the attorney’s services were required solely by reason of the proceeding which was brought by the Former Wife so that she could locate to California, with the parties’ minor children, in order to remarry.” The court’s ruling is contrary to law.
Section 61.16, Florida Statutes (1989), permits the award of attorney’s fees “after considering the financial resources of both parties ... to the other party maintaining or defending any proceeding under this chapter including enforcement and modification proceedings.” Creel v. Creel, 568 So.2d 942 (Fla. 3d DCA 1990); Zakarin v. Zakarin, 565 So.2d 790 (Fla. 3d DCA 1990); see Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828, 835 (Fla.1990). The court must also determine “whether the modification ... action brought ... by the party seeking fees was meritorious or was litigated in good faith and whether the actions of one party compelled the other party to resort to the courts for a remedy.” Meloan v. Coverdale, 525 So.2d 935 (Fla. 3d DCA), review denied, 536 So.2d 243 (Fla.1988); Thornton v. Byrnes, 537 So.2d 1088 (Fla. 3d DCA 1989); see Elenewski v. Elenewski, 528 So.2d 1354 (Fla. 3d DCA 1988); Goldman v. Smargon, 524 So.2d 479 (Fla. 3d DCA 1988). Here, there is no contention that the former wife’s modification petition was without merit or litigated in bad faith. “Once a trial court decides to appoint a master to hear testimony and make findings of fact, it loses the prerogative of substituting its judgment for that of the master’s. The court is thereafter bound by the master’s factual findings if they are supported by competent evidence.” Bragassa, 505 So.2d at 558 (citations omitted). Here, the master’s finding is supported by substantial competent evidence. Goldfarb v. Agran, 546 So.2d 24 (Fla. 3d DCA 1989); see Zakarin. The former husband earns a substantial income as an oral surgeon; the former wife cares *314 for two young children and does not work outside the home.[2] The trial court abused its discretion in failing to approve the general master’s finding and denying fees solely because the former wife initiated the modification proceeding. Accordingly, we reverse the denial of attorney’s fees and remand for proceedings consistent with this opinion.
Affirmed in part; reversed in part.
ON MOTION FOR CLARIFICATION
Upon consideration, Cynthia Markovich’s motion for clarification is granted and the order of July 9, 1991 is corrected to grant and remand Cynthia Markovich’s request for attorney’s fees. Nesbitt, Baskin and Jorgenson, JJ., concur.

. In 1989, the court entered a final judgment of dissolution awarding the former wife $2,500 a month alimony for three years; that award terminates upon her remarriage.