615 So.2d 203 (1993)
Laura L. ROSE, Appellant,
v.
Steve ROSE, Appellee.
No. 91-3575.
District Court of Appeal of Florida, Fourth District.
March 3, 1993.
*204 Karen A. Gagliano of Karen A. Gagliano, P.A., Boca Raton, for appellant.
Pamela Beckham of Beckham & Beckham, P.A., North Miami Beach, for appellee.
SEIDLIN, LARRY, Associate Judge.
We agree with the wife's assertion that the trial court erred in not awarding her reasonable attorney's fees.
The property settlement agreement provides that "In the event, however, that there is a controversy over the enforcement or interpretation of the provisions of any terms of this Agreement, the prevailing party shall be entitled to reasonable attorneys fees as well as court costs and expenses." A reading of the wife's motion for contempt, and the trial court's order clearly shows that the wife prevailed.
Where the contract provides for attorney's fees to be awarded to the prevailing party in litigation arising out of the contract, the trial judge is without discretion to decline to enforce the provision. Jacobson v. Jacobson, 595 So.2d 292 (Fla. 5th DCA 1992); Witt v. Witt, 568 So.2d 539 (Fla. 4th DCA 1990).
The husband's eleventh hour Petition for Modification of his child support and medical expense obligations does not defeat the wife's entitlement to attorney's fees on her motion for his contempt. In this particular case, the husband had an affirmative duty to petition the lower court to modify his support obligations. He cannot be allowed to sit on his laurels, stop honoring his obligations, and force the wife to seek enforcement through contempt and then avoid payment of her fees of which he contractually agreed.
Accordingly, we reverse and remand this case to the trial court to determine, upon hearing, the reasonable attorney's fees due the wife on her motion for contempt, and for the taking of this appeal as the prevailing party under the terms of the property settlement agreement.
GUNTHER and POLEN, JJ., concur.