STONE, Chief Judge.
We affirm, in Case No. 97-2297, an order enforcing final judgment and denying Appellant’s motion for contempt, with respect to which the court rejected Appellant’s claim to attorney’s-fees. The trial court denied fees because Appellant was “overly litigious,” notwithstanding a provision in the parties’ prior settlement agreement providing that the husband pay fees incurred in any legal proceedings brought with reference to the duties and rights established by the agreement. This court has recognized that a trial court has discretion to refuse to enforce agreement provisions for attorney’s fees when equity requires. Cf. Steinfeld v. Steinfeld, 565 So.2d 366 (Fla. 4th DCA 1990), receded from on other grounds, Cibula v. Cibula, 578 So.2d 519 (Fla. 4th DCA 1991). See also Planes v. Planes, 477 So.2d 42 (Fla. 3d DCA 1985). Here, such a conclusion is supported by the record.
In Steinfeld, we upheld the award of attorney’s fees to the former wife notwithstanding her waiver of fees in the parties’ settlement agreement. There, we stated:
In our view, the terms of the marital settlement agreement did not contemplate a waiver of attorney’s fees for the defense of *213 baseless and nonmeritorious proceedings. We hold, under the facts of this case, that the trial court properly awarded appellee attorney’s fees based on equitable considerations.
Id. at 367. Certainly a trial court has comparable discretion to disregard a fee provision where a party’s unreasonable conduct and misuse of the judicial system would result in an unjust award.
We have considered Rose v. Rose, 615 So.2d 203 (Fla. 4th DCA 1993), but deem it inapposite. Our recognition in Rose, that prevailing party fee provisions are enforceable notwithstanding equitable considerations, does not furnish carte blanche entitlement to a fee award to parties abusing the court system by bringing baseless, unreasonable, malicious, or unnecessary actions.
Appellant’s companion appeal in Case No. 97-2296 is dismissed as an unauthorized appeal from a non-final order.
DELL and GUNTHER, JJ., concur.